# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                 Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

## DECLARATION OF COLIN BRUCE

1.     I, Colin Bruce, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage").  I am over the age of 18 and competent to testify about the matters set forth in this declaration.  I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately March 15, 2006 to July 15, 2006.  As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications.  During this time period, I worked in the Mentor, OH branch office.  I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week.  I did

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 4 hours of overtime per week. Monday through Thursday, my schedule varied. However, two of these days I typically worked in the office from 9:30 am to 6:30 pm and the other two days I typically worked from 11:00 am to 9:00 pm. On Friday, I typically worked in the office from 9:30 am to 5:00 pm. Two to three days of the week I did not take a lunch break. The remaining days in the week I took a lunch break for approximately 40 minutes. During my employment with Defendant, I also worked two Saturdays for approximately three to four hours.

4. There were approximately 5 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5. I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6. As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7. Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

11/6/06
Date

Colin Bruce

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Vondriska et al., individually and on behalf of other
similarly situated employees,

        Plaintiffs,                    Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

        Defendant.

---

### DECLARATION OF JOSE BURGOS

---

    1.    I, Jose Burgos, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

    2.    I was employed as a loan officer by Premier Mortgage from approximately February 2, 2005 to November 11, 2005. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Cedar Rapids, IA branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

    3.    As a loan officer, I routinely worked over forty (40) hours per week. I did

NKA000283

1

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 16 hours of overtime per week. I typically worked in the office from 9:00 am to 8:30 pm , Monday through Friday. I regularly took a lunch break for 60 minutes. I also worked from approximately 9:30 am to 2:00 pm, two Saturdays per month, and an additional two to three hours, two Sundays per month

4.    There were approximately 16 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.    I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.    As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7.    Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Jose Burgos

Date   11 | 8 | 2006.

Jose Burgos

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

       Plaintiffs,               Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

       Defendant.

## DECLARATION OF LORETTA COBB

1.     I, Loretta Cobb, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately January 1, 2005 to December 31, 2005. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Southfield, MI branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 28 hours of overtime per week. I typically worked in the office from 6:00 am to 7:30 pm , Monday through Friday. I also worked for approximately six hours, four Saturdays per month.

4. There were approximately 30 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5. I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6. As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7. Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

11/6/06
_____
Date

_____
Loretta Cobb

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

        Plaintiffs,                    Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

        Defendant.

## DECLARATION OF THOMAS CURRY

1.     I, Thomas Curry, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately September 20, 2004 to January 20, 2005. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Palm Harbor, FL and Clearwater, FL branch offices. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

NKA000287

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 16 hours of overtime per week. I typically worked in the office from 9:00 am to 4:00 pm, plus an additional three hours of work from home after leaving the office, Monday through Friday. I regularly did not take a lunch break and ate while working. However, two days per week I took a lunch break for 30 to 60 minutes. I also worked for approximately five hours, four Saturdays per month and an additional three hours, four Sundays per month.

4.    There were approximately 5 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.    I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.    As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7.    Premier Mortgage did not keep accurate time records of my hours worked.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


11/10/06
_____
Date

_Thomas M Curry_

Thomas Curry

NKA000288

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

---

## DECLARATION OF ANDREW HAMMOND

---

1.     I, Andrew Hammond, am a Plaintiff in this action against Defendant Premier

Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and

competent to testify about the matters set forth in this declaration. I desire to opt in to this

lawsuit and submit this declaration in support of Plaintiff's motion for conditional class

certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately

November 1, 2004 to October 1, 2005. As a loan officer, my job duties routinely involved

cold-calling prospective customers, trying to sell loans to customers, and completing loan

applications. During this time period, I worked in the Folsum, CA branch office. I am

informed and believe that the duties of other loan officers at my branch were substantially

similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 23 hours of overtime per week. I typically worked in the office from 7:00 am to 8:00 pm , Monday through Friday. I regularly did not take a lunch. However, two days per week I took a lunch break for one hour. I also worked from 9:00 am to 2:00 pm, two Saturdays per month.

4.      There were approximately 36 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.      I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.      As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there was at least one month in which I did not receive a paycheck.

7.      Premier Mortgage did not keep accurate time records of my hours worked.

8.      I asked my managers, Anthony Nunez, Christie Bozzo and Mike Bailey why I was not being compensated for my overtime hours worked and they told me that they do not pay overtime.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

11-10-06
_____
Date

Andrew Hammond

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

---

**DECLARATION OF JOSEPH HATCHETT**

---

    1.    I, Joseph Hatchett, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

    2.    I was employed as a loan officer by Premier Mortgage from approximately February 1, 2005 to March 6, 2006. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Middleburg Heights, OH branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

    3.    As a loan officer, I routinely worked over forty (40) hours per week. I did

NKA000292

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 8 hours of overtime per week. I also worked from 8:00 am to 12:00 pm, three Saturdays per month.

4.   There were approximately 9 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.   I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.   As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there was at least one month in which I did not receive a paycheck.

7.   Premier Mortgage did not keep accurate time records of my hours worked.

8.   I asked my manager, Keith Allman, why I was not being paid for my overtime hours worked. Mr. Allman told me that because I was a commissioned employee, I did not get paid anything by the hour.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

11/6/06
Date

Joseph Hatchett

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

     Plaintiffs,          Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

     Defendant.

## DECLARATION OF ROBERT KEPHART

    1.     I, Robert Kephart, am a Plaintiff in this action against Defendant Premier

Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and

competent to testify about the matters set forth in this declaration. I desire to opt in to this

lawsuit and submit this declaration in support of Plaintiff's motion for conditional class

certification.

    2.     I was employed as a loan officer by Premier Mortgage from approximately

July 1, 2005 to September 30, 2005. As a loan officer, my job duties routinely involved

cold-calling prospective customers, trying to sell loans to customers, and completing loan

applications. During this time period, I worked in the Aliso Viejo, CA branch office. I am

informed and believe that the duties of other loan officers at my branch were substantially

similar to mine.

    3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

NKA000294

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately

to 6:00 pm, Monday, Tuesday, Thursday and Friday. I typically worked from 8:00 am to 8:00 pm on Wednesdays. I regularly did not take a lunch break. However, one day per week I took a lunch break for 30 minutes. I also worked from 9:00 am to 3:00 pm, one Saturday per month.

4.      There were approximately 9 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.      I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.      As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7.      Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

___11/6/06___
Date

Robert Kephart

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

       Plaintiffs,                  Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

       Defendant.

## DECLARATION OF JOHN PENDLETON II

1.     I, John Pendleton II, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately May 1, 2005 to September 1, 2005. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Indianapolis, IN branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

Nov 09 :

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 7 hours of overtime per week. Monday through Friday, my schedule varied. However, three days per week I typically worked in the office from 9:00 am to 7:00 pm. The remaining two days of the week I typically worked in the office from 11:00 am to 7:00 pm. I took a ~~20~~ 60 minute lunch break everyday of the week. I also worked for two to three hours on Saturday, twice per month.

4.     There were approximately 25 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.     I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.     As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there was at least one month in which I did not receive a paycheck.

7.     Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_11-09-06_
Date

_John Pendleton II_
John Pendleton II

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

Vondriska et al., individually and on behalf of other
similarly situated employees,

     Plaintiffs,              Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

     Defendant.

---

## DECLARATION OF MICHELE PICARD

---

    1.    I, Michele Picard, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

    2.    I was employed as a loan officer by Premier Mortgage from approximately January 15, 2004 to December 15, 2004. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Baton Rouge, LA branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

    3.    As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 6.5 hours of overtime per week. I typically worked in the office from 9:00 am to 7:00 pm , Monday through Friday. I regularly took a lunch break for one hour. However, one day per week I would not take a lunch break. I also worked from approximately 12:00 pm to 3:00 pm, one Saturday per month.

4.      There were approximately 7 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.      I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.      As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there were at least three months in which I did not receive a paycheck.

7.      Premier Mortgage did not keep accurate time records of my hours worked.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing ist rue and correct.


**11/8/2006**
Date

*Michele Picard*
Michele Picard

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                  Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

## DECLARATION OF ADIN PUTNAM

    1.    I, Adin Putnam, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

    2.    I was employed as a loan officer by Premier Mortgage from approximately July 3, 2006 to October 30, 2006. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Baton Rouge, LA branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

    3.    As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours.  On average, I worked approximately 14 hours of overtime per week.  I typically worked in the office from 9:00 am to 8:00 pm on Mondays.  Tuesday through Friday, I typically worked in the office from 9:00 am to 6:30 pm.  I regularly did not take a lunch break and ate at my desk while working.  I also worked from approximately 8:30 am to 1:30 pm, every Saturday, except one.

4.      There were approximately 9 other loan officers employed at my branch.  I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week.  I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.      I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.      As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7.      Premier Mortgage did not keep accurate time records of my hours worked.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


9 Nov. 2006
_____
Date

_____
Adin Putnam

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                    Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

## DECLARATION OF SEAN SCHUSTER

1.     I, Sean Schuster, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately September 1, 2004 to April 1, 2006. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Cedar Rapids, IA branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 5 hours of overtime per week. I typically worked in the office from 8:45 am to 5:15 pm, plus an additional hour of work at home, three nights per week , Monday through Friday. One day per week, I did not take a lunch break. However, the remaining four days I took a 30 minute lunch break. I also worked for two hours, two Saturdays per month.

4.      There were approximately 6 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.      I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.      As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there were at least 6 months in which I did not receive a paycheck.

7.      Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_11-8-06_____

Date

_____

Sean Schuster

NKA000303

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,               Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

## DECLARATION OF CYNTHIA SMITH

1.    I, Cynthia Smith, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage").  I am over the age of 18 and competent to testify about the matters set forth in this declaration.  I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.    I was employed as a loan officer by Premier Mortgage from approximately September 15, 2005 to November 30, 2005.  As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications.  During this time period, I worked in the Riverside, CA branch office.  I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.    As a loan officer, I routinely worked over forty (40) hours per week.  I did

NKA000304

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 4 hours of overtime per week. Three days per week I took a lunch break for one hour. Two days per week I took a lunch break for 30 minutes. I also worked from approximately 8:00 am to 11:00 am, one Saturday per month.

4.    There were approximately 40 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.    I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.    As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there were at least two months in which I did not receive a paycheck.

7.    Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

11-03-06
Date

Cynthia Smith

NKA000305

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,               Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

---

## DECLARATION OF KELLY STEINFURTH

---

    1.    I, Kelly Steinfurth, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

    2.    I was employed as a loan officer by Premier Mortgage from approximately March 17, 2006 to July 15, 2006. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Menter, OH branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

    3.    As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 8 hours of overtime per week. Monday through Thursday my schedule varied. However, two of those days I typically worked in the office from 9:30 am to 6:30 pm and the other two days I typically worked 9:30 am to 9:00 pm. On Friday, I typically worked in the office from 9:00 am to 5:00 pm. I regularly did not take a lunch break and ate while working.

4.     There were approximately 9 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.     I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.     As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7.     Premier Mortgage did not keep accurate time records of my hours worked.

8.     I asked my manager, ~~Tract Cardia~~, *TRACEY CARDINA*, why I was not paid for my overtime hours worked and she told me that is just the way it is.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_11-6-2006_
Date

_Kelly R Steinfurth_
Kelly Steinfurth

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,               Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

---

### DECLARATION OF SETH TUCKER

---

1.    I, Seth Tucker, am a Plaintiff in this action against Defendant Premier
Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and
competent to testify about the matters set forth in this declaration. I desire to opt in to this
lawsuit and submit this declaration in support of Plaintiff's motion for conditional class
certification.

2.    I was employed as a loan officer by Premier Mortgage from approximately
March 1, 2003 to August 1, 2003. As a loan officer, my job duties routinely involved cold-
calling prospective customers, trying to sell loans to customers, and completing loan
applications. During this time period, I worked in the Broomfield , CO branch office. I am
informed and believe that the duties of other loan officers at my branch were substantially
similar to mine.

3.    As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 6 hours of overtime per week. I typically worked in the office from 8:00 am to 5:00 pm Monday through Friday. I regularly did not take a lunch break and ate while working. I also worked for approximately five hours, one Saturday per month.

4.      There were approximately 4 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.      I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.      As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there were at least five months in which I did not receive a paycheck.

7.      Premier Mortgage did not keep accurate time records of my hours worked.

8.      I repeatedly asked my managers, Jeremy Dowdall and Ron Osborne, why I not being paid for any of the overtime hours that I was working. They would always tell me that check was "on its way," but I never received a check.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_11/10/06_
Date

_____
Seth Tucker

NKA000309

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                  Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

## DECLARATION OF DEANA VONDRISKA

1.    I, Deana Vondriska, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.    I was employed as a loan officer by Premier Mortgage from approximately January 26, 2005 to May 30, 2005. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Middlebrook Heights, OH branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.    As a loan officer, I routinely worked over forty (40) hours per week. I did

NKA000310

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 6 hours of overtime per week. I typically worked in the office from 12:00 pm to 8:00 pm, Monday and Wednesday. Tuesday, Thursday and Friday I worked from 9:00 am to 6:00-7:00 pm. I regularly did not take a lunch break. However, one day per week I took a lunch break for one hour. I also worked from 9:00 am to 12:00 pm , four Saturdays per month.

4.      There were approximately 10-12 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.      I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.      As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there were at least two months in which I did not receive a paycheck.

7.      Premier Mortgage did not keep accurate time records of my hours worked.

8.      I asked my manager, Keith Alman why I was not given a draw to cover the minimum wage. Mr. Alman responded by saying that I did not need to receive a draw because I was paid so much in commissions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct

\_\_\_11/6/06\_\_\_

Date

*Deana Vondriska*

Deana Vondriska

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

## DECLARATION OF JAMES WILCOMBE III

1.     I, James Wilcombe III, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately March 15, 2006 to September 25, 2006. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Baton Rouge, LA branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

not receive any overtime compensation for any of these overtime hours. On average, I worked approximately 10 hours of overtime per week. I typically worked in the office from 8:30 am to 6:45 pm, Monday through Friday. I regularly did not take a lunch and ate while working. However, one day per week I took a lunch break for one hour.

4.    There were approximately 7 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

5.    I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

6.    As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period.

7.    Premier Mortgage did not keep accurate time records of my hours worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_11/9/06_

Date

_/E Wil III_

James Wilcombe III

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Vondriska et al., individually and on behalf of other
similarly situated employees,

      Plaintiffs,                  Court File No.: 8:06-cv-01492-JDW-MAP

vs.

Premier Mortgage Funding, Inc.,

      Defendant.

---

## DECLARATION OF THOMAS WILLIAMS III

---

1.     I, Thomas Williams III, am a Plaintiff in this action against Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier Mortgage"). I am over the age of 18 and competent to testify about the matters set forth in this declaration. I desire to opt in to this lawsuit and submit this declaration in support of Plaintiff's motion for conditional class certification.

2.     I was employed as a loan officer by Premier Mortgage from approximately October 1, 2005 to February 28, 2006. As a loan officer, my job duties routinely involved cold-calling prospective customers, trying to sell loans to customers, and completing loan applications. During this time period, I worked in the Townsville, IL branch office. I am informed and believe that the duties of other loan officers at my branch were substantially similar to mine.

3.     As a loan officer, I routinely worked over forty (40) hours per week. I did

NKA000318

not receive any overtime compensation for any of these overtime hours. Additionally, I did not receive minimum wage for many of my hours worked. On average, I worked approximately 12 hours of overtime per week. I typically worked in the office from 9:00 am to 6:00-7:00 pm, plus an additional hour of work at home four nights per week , Monday through Friday. I regularly did not take a lunch break and ate while working. However, one day per week I took a lunch break for one hour. I also worked from approximately 10:00 am to 3:00 pm, one to two Saturdays per month.

    4.     There were approximately 4 other loan officers employed at my branch. I am informed and believe that the schedules of the other loan officers in my branch were similar to mine in that they regularly worked in excess of forty (40) hours per week. I am informed and believe that the other loan officers in my branch also did not receive overtime pay.

    5.     I spent the majority of my time working within Premier Mortgage's branch office selling loans according to Premier Mortgage's guidelines and procedures.

    6.     As a loan officer, I was paid a commission that was based on the number and dollar value of the loans I closed within a pay period. While employed for Defendant, there were at least two months in which I did not receive a paycheck.

    7.     Premier Mortgage did not keep accurate time records of my hours worked.

    8.     I asked my manager, Todd Grant, why I was not paid for my overtime hours worked and he told me that I was not supposed to receive overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

11/8/06
Date

Thomas Williams III