# EXHIBIT D

**Westlaw.**

Slip Copy                                                                                     Page 1
Slip Copy, 2006 WL 2568462 (M.D.N.C.)
**(Cite as: Slip Copy)**

**H**
<u>Briefs and Other Related Documents</u>
Only the Westlaw citation is currently available.
  United States District Court,M.D. North Carolina.
      Constance BARTON, et al., Plaintiffs,
                          v.
         THE PANTRY, INC., Defendant.
                **No. 1:04CV00748.**

                  Aug. 31, 2006.

<u>Charles Joseph</u>, Joseph & Herzfeld, LLP, New York,
NY, <u>Gregory N. Karasik</u>, Spiro Moss Barness
Harrison & Barge LLP, Los Angeles, CA, <u>J. Griffin
Morgan</u>, <u>Robert M. Elliot</u>, Elliot Pishko Morgan,
P.A., Winston-Salem, NC, for Plaintiffs.
<u>Carl N. Patterson, Jr.</u>, <u>Donald Hugh Tucker, Jr.</u>,
<u>Heather Bell Adams</u>, <u>Kerry A. Shad</u>, <u>Kimberly Jo
Korando</u>, <u>Kirk Alan Parry, Jr.</u>, Smith Anderson
Blount Dorsett Mitchell & Jernigan, Raleigh, NC, for
Defendant.

                     **O-R-D-E-R**
<u>P. TREVOR SHARP</u>, Magistrate Judge.
***1** This matter came before the Court on August 28,
2006, for oral argument on Defendant's "Motion for
Order Regarding Class Communications," filed
August 3, 2006. *See* Pleading No. 35. Plaintiffs have
filed an opposition to the motion, and Defendant has
filed a reply. The motion is ready for a ruling.

In its motion, Defendant Pantry seeks an order that its
disclosure during **discovery** of **names** and **addresses**
of all potential **FLSA** collective class members be
required only after (and if) this Court conditionally
certifies an **FLSA** class. Defendant also asserts that
"even if conditional certification is granted, Plaintiffs
are not entitled to engage in unlimited and
unsupervised communication with potential class
members. Instead, the Court supervises the notice
process." *See* Def.'s Mot. ¶ 5. Pantry's request
regarding the timing of disclosure of names and
addresses of putative **FLSA** collective action
members is not made on a blank slate. The Court, in
its Order on Pretrial Issues, filed July 6, 2006, ruled
that the **discovery** period was formally open and
defined the scope of initial **discovery** to include "the
**names** and **addresses** of potential class members in
the **FLSA** collective action." *See* Order, at 2.

The Order on Pretrial Issues also established a
schedule for determination of Plaintiffs' requests for
collective action certification of FLSA claims and
Rule 23 certification of state law claims. Plaintiffs
must file by October 30 their motion for conditional
certification under FLSA, and must file by March 28,
2007, their motion for final collective action
certification of FLSA claims and Rule 23
certification of NCWHA claims. Responses and
replies are due within twenty and ten days,
respectively. The Court's expectation, in setting an
early date (October 3 0) for Plaintiffs' motion for
conditional FLSA certification, was that such a
motion merits expedited consideration and an early
ruling. The statute of limitations is running with
regard to potential class members who may choose to
opt in. Thus, the Court intends to move proceedings
forward as rapidly as possible.

The need for rapid development of the case is the
context within which the Court ordered that Plaintiffs
may have discovery of the names and addresses of
potential class members. The primary need of
Plaintiffs for these names is so that Plaintiffs can,
without unnecessary delay, arrange for court-
approved notice to putative members as quickly as
possible after a ruling by the Court (if there be such)
that a collective class is conditionally certified. In
other words, the Court intends that if a class is
conditionally certified, notice should be given
quickly, without any delay caused by the need for a
discovery request launched at that time, and the
consequent further delay that would be occasioned by
Defendant responding to the request and actually
compiling the relevant names. The Court wants
pertinent names to be immediately available if it
conditionally certifies a class and approves notice.

***2** Accordingly, the Court views Plaintiffs' request
for names and addresses of putative class members to
have been properly served at this time under the
Order on Pretrial Issues. Defendant shall respond in
writing concerning any legal objection to the request
by September 11, 2006, the deadline as extended for
responses to the first round of written discovery.
Nonetheless, Defendant's actual production or
disclosure of names and addresses is not due, except
to the limited extent provided below, until the Court
rules on Plaintiffs' anticipated motion for conditional
certification of FLSA claims, and the required
disclosure at that time will reflect the scope of any

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                        Page 2
Slip Copy, 2006 WL 2568462 (M.D.N.C.)
**(Cite as: Slip Copy)**

class certified.

The Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims. All but one of the currently named Plaintiffs (whose employments are identified in pleadings) have been employed in North Carolina stores operated by Defendant, and the Court orders that Defendant now (on September 11, when due under outstanding discovery requests) provide Plaintiffs with names and addresses of present and former employees (who worked during the relevant time period) at the North Carolina store, or stores, where the North Carolina Plaintiffs worked. Further, noting that the remaining named Plaintiff has been an employee of Defendant in Florida, the Court directs that Defendant shall now provide Plaintiffs with names and address of present and former employees (who worked during the relevant time period) at the Florida store, or stores, where the Florida Plaintiff worked. The same order for September 11 disclosure is made with respect to current opt-in Plaintiffs, whose stores and locations of employment with Defendant have not been disclosed in papers before the Court.

Defendant Pantry also requests some limitation on communications by Plaintiffs' counsel with potential class members. The Court was advised at oral argument that Plaintiffs' counsel has already conducted a widespread advertising campaign to invite former and present non-exempt employees of Defendant Pantry to consult with Plaintiffs' counsel regarding joining this action. Defendant has not shown, however, that Plaintiffs' counsel have engaged in any improper action or inaccurate communication, and thus the Court has no occasion to limit counsel communications. *See generally Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 (1981).

**IT IS SO ORDERED.**

M.D.N.C.,2006.
Barton v. The Pantry, Inc.
Slip Copy, 2006 WL 2568462 (M.D.N.C.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1792234 (Trial Pleading) Answer to Amended Complaint (May 31, 2006) Original Image of this Document (PDF)
• 2005 WL 2917090 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Defendant the Pantry, Inc.'s Partial Motion to Dismiss (Sep. 15, 2005) Original Image of this Document (PDF)
• 2005 WL 2917091 (Trial Motion, Memorandum and Affidavit) Defendant the Pantry, Inc.'s Reply Brief in Support of Partial Motion to Dismiss (Sep. 2005) Original Image of this Document (PDF)
• 2005 WL 2613795 (Trial Motion, Memorandum and Affidavit) Defendant the Pantry, Inc.'s Brief in Support of Partial Motion to Dismiss (Aug. 23, 2005) Original Image of this Document (PDF)
• 1:04cv00748 (Docket) (Aug. 17, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

Slip Copy
Slip Copy, 2006 WL 1727987 (W.D.Wash.)
**(Cite as: Slip Copy)**

Page 1

Only the Westlaw citation is currently available.
United States District Court, W.D. Washington,
at Seattle.
Levi MORDEN and Adeel Siddiqui, Plaintiffs,
v.
T-MOBILE USA, INC., Defendant.
**No. C05-2112 RSM.**

June 22, 2006.

Beth E. Terrell, Toby James Marshall, Jennifer Rust
Murray, Tousley Brain Stephens, Seattle, WA,
Steven M. Tindall, Lieff Cabraser Heimann &
Bernstein, San Francisco, CA, for Plaintiff.
April Upchurch Olsen, Daniel L. Thieme, Littler
Mendelson PC, Seattle, WA, for Defendant.

ORDER GRANTING IN PART JOINT MOTION
FOR DISCOVERY
RICARDO S. MARTINEZ, District Judge.

### I. INTRODUCTION

*1 This matter comes before the Court on the parties'
Joint Motion for Discovery pursuant to Local Rule
CR37. (Dkt.# 27). Plaintiffs asks this Court to compel
certain discovery that will assist them in defining
their proposed class and in moving for conditional
certification. Defendant opposes the motion, arguing
that the requests are inappropriate because plaintiffs
have not yet moved for conditional certification, and
the requests are overbroad and unduly budernsome.
Defendant also argues that plaintiff Morden does not
have standing to discover information related to the
"off the clock" claim asserted by plaintiff Siddiqui.
For the reasons set forth below, the Court disagrees
with defendant in part and GRANTS IN PART
plaintiffs' request for an Order Compelling
Discovery.

### II. DISCUSSION

#### A. Background

Plaintiff Morden is a former employee of defendant,
T-Mobile USA, Inc. ("T-Mobile"). From June 2003
through March 2004 he worked as an Account

Representative. While he was employed, plaintiff
was classified as a salaried employee exempt from
overtime pay. Plaintiff Siddiqui was employed by
defendant from October 2003 through March 2005 as
an Account Representative. On October 9, 2004,
defendant reclassified its Account Representatives
and Territory Representatives as nonexempt
employees, but did not change the duties performed
by those employees in either position.

Plaintiffs now bring the instant action under the Fair
Labor Standards Act ("FLSA") seeking damages and
restitution for defendant's failure to pay overtime
wages. Plaintiffs assert that since December 27,
2002, defendant has wilfully violated the FLSA by
failing to pay plaintiff and all other persons employed
as Account Representatives or Territory
Representatives appropriate overtime wages.
Plaintiffs further allege that, prior to October 9, 2004,
defendant wilfully classified these employees as
exempt from the FLSA, and at the same time,
assigned them primary duties which are inconsistent
to that status. Finally, plaintiffs allege that since
October 9, 2004, defendant has required and
permitted Account Representatives and Territory
Representatives to work in excess of 40 hours per
week without compensating them for these hours.

Plaintiffs bring this action on behalf of themselves
and all other persons employed by defendant as
Account Representatives or Territory Representatives
between December 27, 2002, and the date of the final
disposition of this action.

On February 28, 2006, plaintiffs served their First Set
of Interrogatories and Requests for Production on
defendant. On March 30, 2006, defendant served its
Answers on plaintiffs in which it asserted various
objections to the Interrogatories and Requests for
Production at issue in this motion. After attempting to
resolve their issues, the parties filed the instant
motion to compel.

#### B. Standing

The Court first addresses defendant's argument that
plaintiff Morden does not have standing to propound
discovery requests related to "off the clock" claims of
hourly, overtime-eligible Account Representative and
Territory Representatives after October 9, 2004. At

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1727987 (W.D.Wash.)
(Cite as: Slip Copy)

the time discovery requests were propounded, plaintiff Siddiqui had not yet been added as a plaintiff in this case. Thus, defendant argues that the discovery propounded only by plaintiff Morden was not proper or relevant. The Court is not persuaded.

**\*2** Plaintiffs are represented by the same counsel in this case. Plaintiff Siddiqui worked at T-Mobile both before and after the reclassification, and therefore, has standing to propound the "off the clock" requests at issue. By requiring him to propound new, identical requests for discovery, the Court would waste time and resources. Moreover, defendant has cited no authority in support of their argument that a party must have standing to propound certain discovery requests.

### C. Interrogatories at Issue

#### 1. Interrogatory No. 2

Plaintiffs' Interrogatory No. 2 asks defendant to identify all current and former employees of T-Mobile who worked as Account Representatives and/or Territory Representatives during the time period December 27, 2002, to the present. Defendant objects to this interrogatory as overbroad and unduly burdensome. It further objects on the grounds that plaintiffs seek information regarding individuals who are not parties to this lawsuit. Finally, defendant asserts that this information is appropriate only if a class is conditionally certified.

The Court first addresses defendant's argument that this information is appropriate only if a class is conditionally certified. As this Court has previously explained, the FLSA authorizes a plaintiff to challenge the denial of overtime compensation on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). This cause of action is known as a "collective action," and is not subject to the numerosity, commonality, and typicality rules of a class action suit under Rule 23 of the Federal Rules of Civil Procedure. See Hunter v. Sprint Corp., 346 F.Supp.2d 113, 117 (D.D.C.2004). Instead, a plaintiff bringing a collective action must only show that he is similarly situated to the other members of the proposed class, and those other members must "opt in" to the proposed class. Id.

While moving for provisional certification of a collective class is a required step in litigating section

216(b) actions, provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class. In Spellman v. Visionquest Nat'l, Ltd., 1998 U.S. Dist. LEXIS 4298 (W.D.Penn.1998), the court allowed the plaintiff minimal discovery without moving for conditional certification based upon the court's understanding that such discovery was necessary for the plaintiff to properly define the proposed class. Similarly, the Hammond court recognized that section 216(b) collective actions require a broader scope of discovery in order to identify those employees who may be similarly situated, and who may therefore ultimately seek to opt into the action. Hammond v. Lowe's Home Centers, Inc., 216 F.R.D. 666, 671 (D.Kan.2003). Accordingly, the Court rejects defendant's argument.

Defendant next objects that Interrogatory No. 2 is overbroad. The party resisting discovery has a heavy burden of showing why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975); Cable & Computer Tech. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D.Calif., 1997) (the party resisting discovery must clarify, explain, and support its objections). In its objection to Interrogatory No. 2, defendant argues that the interrogatory seeks information regarding employees who are not parties to this litigation. The United States Supreme Court has addressed this issue in Hoffman-La Roche v. Sperling, 493 U.S. 165, 170 (1989).[FN1] In that case, plaintiffs sought the aid of the Court in discovering the names of others similarly situated and informing them of the pending lawsuit. Id. The Court affirmed the district court's exercise of discretion in ordering the defendant employer to produce to the named plaintiffs the names and addresses of all similarly situated employees. Id. In addition, other lower courts addressing whether to permit discovery of the names and addresses of other similarly-situated employees in section 216(b) FLSA actions have almost universally permitted discovery of this information, albeit often in limited fashion.[FN2] See, e.g., Hammond, 216 F.R.D. at 673 n. 23; Tucker v. Labor Leasing, Inc., 155 F.R.D. 687 (M.D.Fla.1994); Kane v. Gage Merch. Servs., Inc., 138 F.Supp.2d 212 (D.Mass.2001).

> FN1. Although Hoffman-La Roche involved a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., the ADEA incorporates the enforcement provisions of the FLSA including the "opt-in" provisions

of 29 U.S.C. § 216(b).

> FN2. However, some courts have required that a conditional class be certified prior to permitting discovery of putative class members. *See, e.g., Crawford v. Dothan City Bd. of Educ.,* 214 F.R.D. 694, 695 (M.D.Ala.2003) (finding that because no collective action had been conditionally certified, discovery before step one of the two-step process was premature).

**\*3** This Court is persuaded by the Supreme Court's decision in *Hoffman-La Roche,* and those of our sister courts noted above. At a minimum, plaintiffs should be entitled to discover the names and addresses of other potentially similarly-situated employees of defendant. Although this interrogatory seeks information about employees presently not parties to this litigation, the opt-in provision of the FLSA requires some procedure for identifying and notifying the potential class members. *Hammond,* 216 F.R.D. at 673. "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action." *Id.* Accordingly, the Court finds that Plaintiff's Interrogatory No. 2, seeking the names of all current and former employees of T-Mobile who worked as Account Representatives and/or Territory Representatives during the time period December 27, 2002, to the present, is not overbroad.

Likewise, the Court also finds that Interrogatory No. 2 is not unduly burdensome. Defendant has the burden to show not only "undue burden or expense," but also to show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery. *Snowden By and Through Victor v. Connaught Labs., Inc.,* 137 F.R.D. 325, 333 (D.Kan.1991). Here, defendant states in conclusory fashion that "it is unreasonable to put a defendant to the great expense and disruption of responding to nationwide discovery related to a large putative class...." (Dkt. # 27 at 13). However, defendant makes no effort to show that any heavy expenditures of time, effort or money would be necessary to answer Interrogatory No. 2. Accordingly, the Court finds that defendant has not met its burden of showing that providing the names of all current and former employees of T-Mobile who worked as Account Representatives and/or Territory Representatives during the time period December 27, 2002, to the present would be unduly burdensome.

Because the Court finds that Interrogatory No. 2 is

appropriate and necessary for plaintiffs to properly define their proposed class, the Court GRANTS plaintiffs' Motion to Compel defendant to fully answer Interrogatory No. 2 *no later than (20) days from the date of this Order.*

### 2. Interrogatory No. 8 and Request for Production No. 5

Plaintiffs' Interrogatory No. 8 asks defendant to identify the person or persons most knowledgeable about the job duties and responsibilities of Account Representatives and Territory Representatives from December 27, 2002, until the present. Request for Production No. 5 asks for documents that describe those job duties. Defendant objects to this interrogatory as overbroad and unduly burdensome. It further objects on the grounds that plaintiffs seek information that is not relevant because they were not employed as Territory Representatives. Finally, defendant asserts that this information is appropriate only if a class is conditionally certified. Reserving those objections, defendant has produced the names of five people who are likely knowledgeable about this subject, and has agreed to produce documents that list or describe the job duties of Account Representatives applicable to plaintiffs' employment by defendant.

**\*4** The Court first addresses defendant's objection based on relevancy of information pertaining to Territory Representatives. Rule 26 of the Federal Rules of Civil Procedure allow the parties to obtain discovery about any matter, as long as it is not privileged and it is relevant to the claim of any party. Fed.R.Civ.P. 26(b)(1). Relevant evidence is that which has a tendency to make the "existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

In this case, defendant argues that the information sought about Territory Representatives is not relevant because plaintiffs were employed only as Account Representatives. However, plaintiffs have alleged that Territory Representatives were assigned substantially similar primary job duties as Account Representatives, and that the Territory Representatives are also victims of defendant's common practice of denying them overtime pay, and, therefore, they are similarly situated to the Account Representatives. Accordingly, the Court is persuaded that the information sought by plaintiffs is relevant and necessary to help define the proposed class.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                    Page 4
Slip Copy, 2006 WL 1727987 (W.D.Wash.)
**(Cite as: Slip Copy)**

For the same reasons set forth above, the Court also rejects defendant's arguments that these requests are overbroad, unduly burdensome, or inappropriate because a class has not been conditionally certified. Accordingly, the Court GRANTS plaintiff's Motion to Compel defendant to fully answer Interrogatory No. 8 and Request for Production No. 5 *no later than (20) days from the date of this Order.*

### 3. Interrogatories Nos. 4, 5, 6 and 7 and Requests for Production Nos. 1, 2, 6, 7 and 10

The Court now turns to plaintiffs' Interrogatories Nos. 4, 5, 6 and 7 and Requests for Production 1, 2, 6, 7 and 10. These requests seek a broad category of information ranging from policies, practices and procedures relating to the amount of overtime wages paid to Account Representatives and Territory Representatives, to policies, practices and procedures relating to defendant's classification of its employees as "exempt" or "non-exempt" from overtime pay. Defendant reiterates the same objections noted above, and also adds that these requests are not limited to any specific time period.

The Court finds that these interrogatories and requests are not appropriate prior to conditional class certification. Federal courts have recognized that while some limited discovery is necessary to assist plaintiffs in defining a proposed class, plaintiffs will not be given free reign for discovery on all aspects of the merits of the claims. *See, e.g. Spellman,* 1998 U.S. Dist. LEXIS 4298 at *9-*10 (explaining that the court had allowed limited discovery with the understanding that it had only done so in order for plaintiff to properly define the proposed class). The Court does not believe that the information sought in Interrogatories Nos. 4, 5, 6 and 7 and Requests for Production 1, 2, 6, 7 and 10 is designed to help define a proposed class, especially in light of the fact that conditional certification employs a "fairly lenient standard" which typically results in the granting of such certification. *See Kane,* 13 F. Supp2d at 214; *Spellman,* 1998 U.S. Dist. LEXIS 4298 at *6. Thus, plaintiff's proposed discovery may be more properly propounded if and when conditional certification is granted. Accordingly, the Court will not compel defendant to further respond to those requests.

### III. CONCLUSION

*5 The Court, having considered the parties' motion

(Dkt.# 27), the declarations in support of that motion, and the remainder of the record, hereby ORDERS that the parties' Joint Discovery Motion (Dkt.# 27) is GRANTED IN PART as detailed above. The Clerk shall forward a copy of this Order to all counsel of record.

W.D.Wash.,2006.
Morden v. T-Mobile USA, Inc.
Slip Copy, 2006 WL 1727987 (W.D.Wash.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy

Slip Copy, 2006 WL 2290512 (S.D.Fla.)
(Cite as: Slip Copy)

Page 1

Briefs and Other Related Documents
Guerra v. Big Johnson Concrete Pumping,
Inc.S.D.Fla.,2006.Only the Westlaw citation is
currently available.
United States District Court,S.D. Florida.
Larry GUERRA, on behalf of himself and those
similarly situated to him, Plaintiff,
v.
BIG JOHNSON CONCRETE PUMPING, INC.,
Defendant.
No. 05-14237-CIV.

May 17, 2006.

Richard Bernard Celler, Celler Legal Group, Fort
Lauderdale, FL, for Plaintiff.
Lee James Baggett, Lewis Mortell & Lewis, Stuart,
FL, for Defendant.

*ORDER ON PLAINTIFF'S MOTION FOR AN
ORDER PERMITTING COURT SUPERVISED
NOTICE TO EMPLOYEES OF THEIR OPT-IN
RIGHTS (DE 17) AND DEFENDANT'S MOTION
TO STRIKE AFFIDAVITS FILED IN SUPPORT
OF PLAINTIFF'S MOTION (DE 19)*

LYNCH, Magistrate J.
*1 THIS CAUSE comes before this Court upon an
Order of Reference (DE 18) and the above Motion.
Having reviewed both the Motion for Court
Supervised Notice and the Response and Reply
thereto, as well as the Motion to Strike and the
Response thereto, this Court finds as follows:

BACKGROUND

1. The Plaintiff worked for the Defendant in Martin
County as an hourly paid laborer. In July 2005,
during his final week of employment, the Defendant
unilaterally paid him $5.15 an hour, a substantial
reduction from his usual wage rate, with the added
result of reducing his compensation for the overtime

he worked during that final week. The Plaintiff
brought suit against the Defendant for three counts
of improper compensation. In Count III, brought
under state law, the Plaintiff alleges that the
Defendant failed to pay him the agreed upon wage
rate of $19.00 for the work done during his last
week of employment. In Count II, also brought
under state law, the Plaintiff alleges that the wage
rate the Defendant did pay-$5.15-fell below the
State of Florida's minimum wage of $6.15 which at
that time had recently been raised. In Count I,
which is brought under the Fair Labor Standards
Act, the Plaintiff alleges entitlement to "full
payment of his regular rate of pay for his hours
worked up to and including forty (40) per work
week". and "proper payment of time and one-half
his regular rate of pay for each hour worked in
excess of forty (40) per work week". Of particular
note, however, the Complaint is inconsistent as to
whether the Plaintiff seeks recovery for his final
*week* of employment, *see* ¶¶ 6 and 10, or his final
*weeks* of employment, *see* ¶ 11, with the
Defendant. For all three counts, the Plaintiff seeks
relief for himself and for those similarly situated to
him.

2. The Plaintiff now moves to certify a collective of
all similarly situated laborers. Although the Plaintiff
raises several issues in his Complaint, he limits the
scope of his requested collective to the issue of
overtime. The overarching thrust of his Motion
concerns the improper computation of overtime
compensation as a result of the Defendant's
reduction of the regular rate of pay during the
laborers' last week of employment.

3. Accordingly he defines the class members to be
former laborers (1) who worked for the Defendant
at any time during the past three years, (2) who
worked more than forty (40) hours during their final
week of employment, and (3) who, after terminating
their employment with the Defendant, had their rate
of pay reduced to minimum wage during their final
week. In reply to the Defendant's contention that the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2006 WL 2290512 (S.D.Fla.)
**(Cite as: Slip Copy)**

proposed class of "laborers" is overly broad or ambiguous, the Plaintiff explains that he purposely chose the term "laborer" as a means to limit the scope of the class to those employees engaged in the activity of concrete pumping as opposed to other employees of the Defendant who served, for example, more clerical functions.

*2 4. The Plaintiff does not quantify, either exactly or approximately, how many other laborers were adversely affected by the complained of pay practice. In his Affidavit, he simply affirms his personal observation "that there were numerous laborers who: (a) performed the same job duties that I performed and (b) worked the same amount of hours that I worked per workweek." He further asserts being aware of the Defendant's unilateral reduction of other employees' final paychecks at the conclusion of their employment, as it did with him, and anticipating the participation of these other former laborers in this litigation if they receive notice of the opportunity to do so.

5. The Plaintiff supplements his allegations with the Affidavit of a colleague, Domingo Vidales, who worked as a laborer pumping concrete at the Defendant's facility in Ft. Myers, Fla. Mr. Vidales attested to having his last week's pay computed in the same adverse way. Mr. Vidales has also consented to join this lawsuit (DE 7).

### DISCUSSION

29 U.S.C. § 216(b) permits "any one or more employees for and in behalf of himself or themselves and other employees similarly situated" to bring suit for violations of §§ 206, 207, or 215(a)(3) of the FLSA. In this way, § 216(b) permits the creation of a class represented by a named employee-plaintiff, but unlike a Rule 23 class, members of the group may only participate in the litigation and be bound by its judgment if they positively give their consent. Although not expressly authorized by the statute, the Supreme Court has interpreted its language as also permitting district courts to facilitate the process by which a plaintiff's co-workers are notified of the pending litigation and the collective. *See Hoffmann-La*

*Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). *See also, Dybach v. State of Fla., Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir.1991). The general purpose of such court supervision is to achieve more streamlined case management and to reduce multiplicative litigation through joinder, for the benefit of both the litigants and the court. *See generally, Grayson v. K Mart Corp.,* 79 F.3d 1086 (11th Cir.1996).

As a means to realize these practical benefits and to give effect to the opt-in nature of § 216(b), the Eleventh Circuit suggests a two-tier approach for creating and certifying the class. *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1216-19 (11th Cir.2001); *see also, Cameron-Grant v. Maxim Healthcare Serv., Inc.,* 347 F.3d 1240, n. 2 (11th Cir.2003) (applying *Hipp,* which is an ADEA case, to an FLSA case). At the first-tier notice stage, a court reviews a plaintiff's pleadings and affidavit to determine preliminarily whether class certification is appropriate, but because the evidence available at this earlier stage is minimal, the plaintiff is given the benefit of a relatively light burden of proof. Nevertheless, a plaintiff remains obligated to make a foundational showing of the existence of the proposed collective: that there are other employees (1) who desire to join the lawsuit and (2) who are similarly situated with respect to their job requirements and pay provisions. *See Dybach,* 942 F.2d at 1567-68.

*3 The *Hipp* court clarified § 216(b)'s "similarly situated" standard, previously expressed in *Grayson* and comprising the second *Dybach* criterion, by explaining that it is more elastic and less stringent than the commonality standards of Rule 20 for joinder, Rule 42 for severance, *see Hipp,* 252 F.3d at 1219, or Rule 23(b)(3) for class actions, *see Grayson,* 79 F.3d at 1096. The Plaintiff's argument on this point is one of an improper pay policy. The Defendant complains about the lack of limits-such as a specific job title, job duty, or geographic location-placed on the class definition, but its objection ignores the nature of the Plaintiff's allegation. What the Plaintiff alleges is a company-wide pay policy with the uniform result that the final pay of all laborers is lower than it should. While each laborer may have worked

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                 Page 3

Slip Copy, 2006 WL 2290512 (S.D.Fla.)
(Cite as: Slip Copy)

different hours of overtime or at different locations, they were all similarly affected. The Defendant's objections would be more relevant had the Plaintiff alleged a more discrete or particularized pay violation, for example, if supervisors or local managers had informally docked employees' pay in contravention of an otherwise lawful company policy. Or, if differences in working conditions or job types had an impact on the way overtime pay is computed. *See, e.g., Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362-64 (M.D.Ala.1999), *Barron v. Henry County Sch. Sys.,* 242 F.Supp.2d 1096, 1104 (M.D.Ala.2003).

With respect to geography, it is true that the Plaintiff's proffered class definition contains no express limitations, but his Motion otherwise makes clear that the class is limited to the State of Florida. The Defendant is a Florida corporation, and through the attached Affidavits, the Plaintiff alleges that it employed laborers in Florida. Moreover, the Affidavit of Mr. Vidales demonstrates that the complained of policy is not limited to the Defendant's Martin County facility, but rather also occurred on the other side of the state. On the basis of this evidence and the allegation of an improper pay *policy,* the Plaintiff provides, albeit at the very minimum, a reasonable basis to send the requested notice to all laborers who worked in Florida. The Plaintiff shall make provision for this limitation in the class definition.

Overall the Plaintiff raises the minimum allegations sufficient to make a rudimentary showing of commonality amongst laborers involved in concrete pumping. *See Smith v. Tradesmen Int'l, Inc.,* 289 F.Supp.2d 1369, 1372 (S.D.Fla.2003) (emphasizing the relevance of the degree of uniformity of both the compensation policy and its adverse impact on the class to the court's consideration). It should be noted that despite its objections to the lack of greater detail, the Defendant, itself, offers little to cast the Plaintiff's allegations in a different light. It does not deny the existence of its final week pay policy or demonstrate how its various laborers are not similarly affected on a company-wide or state-wide basis. Likewise the Defendant leaves unmentioned whether it has numerous concrete pumping facilities across the state or only a few.

*4 This Court turns next to the other *Dybach* criterion-the presence of other employees who desire to join the Plaintiff's lawsuit. As the cases of *MacKenzie v. Kindred Hosps. East. LLC,* 276 F.Supp.2d 1211, 1220-21 (M.D.Fla.2003) (citing to *Haynes v. Singer Co., Inc.,* 696 F.2d 884 (11th Cir.1983) and *Santielices v. Cable Wiring, Inc.,* 1999 WL 1007807 (S.D.Fla.1999)) and *Horne v. United Servs. Auto. Ass'n,* 279 F.Supp.2d 1231, 1236-37 (M.D.Ala.2003) make clear, a plaintiff must proffer a minimum quantum of evidence to warrant the creation of a collective. The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself. Such evidence may, however, serve as the predicate upon which affidavits of similarly situated co-workers can build. Here, the Affidavit of Mr. Vidales shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation. Of course, the more such affidavits or declarations there are, the more indicative the evidence is, but here it cannot be said there is no direct evidence of any interest in the instant lawsuit. *Compare Davis v. Pokphand,* 303 F.Supp.2d 1272, 1277 (M.D.Ala.2004) (rejecting the plaintiff's motion because she had " filed no affidavits or consents from these would-be class members to suggest that they are actually willing to join the suit").

Lastly, the Defendant challenges the Plaintiff's two proffered affidavits for not being based on personal knowledge, for containing hearsay, and for consisting of legal conclusions, but the Defendant's criticisms are unfounded. The affiants described the way in which the Defendant paid them their final week's wages, their belief that others had their pay reduced in the same fashion, and their belief that others would want to vindicate their FLSA rights. It is reasonable that co-workers would become familiar with a company policy that abruptly reduces the last week's pay and would have personal knowledge of it. What the Defendant dismisses as legal conclusions, could instead be described as allegations, the same as found in the Plaintiff's Complaint. At this stage of the litigation, it is appropriate for this Court to take the Plaintiff's allegations and pleadings into consideration without

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2290512 (S.D.Fla.)
**(Cite as: Slip Copy)**

having to reach findings of fact, and the Affidavit of Mr. Vidales provides the necessary confirmation to those allegations. In effect, the Defendant overstates the burden of proof the Plaintiff must satisfy in order to certify, preliminarily, his requested collective, and the Defendant does so without offering any of its own evidence in rebuttal.

This Court finds that the Plaintiff's allegations and affidavits show that he was denied full compensation, that other hourly paid laborers of the same employer were denied full compensation in the same manner, and that there is interest amongst them to join this lawsuit. Therefore the Plaintiff's collective is due to be certified, albeit conditionally, and that the Plaintiff, as the representative of that class, may proceed with the notification process to the potential class members and with discovery. That is, the Plaintiff may proceed *after* resolution of the Defendant's Motion to Dismiss. After offering the Plaintiff and Mr. Vidales their requested relief, the Defendant moved to dismiss the Complaint as moot. That Motion is currently pending before the District Court, and depending on the ruling, the outcome may obviate the need to go forth with notification process. The instant Order therefore shall not become effective until such time as the District Court makes an appropriate ruling on the Motion to Dismiss.

**\*5** Should the District Court deny the Motion to Dismiss, the Plaintiff shall have twenty-one (21) days from the date of the District Court's Order to prepare and mail the Notices. The Plaintiff shall then file a Notice of Compliance with this Court to indicate the date of the mailing. The Notice shall inform the potential class members that their consents must be filed with this Court within thirty (30) days of the mailing date.

With regard to the form of the Notice, the Plaintiff has proposed one that tracks the form used in the case of *Bell v. Mynt Entm't, LLC,* 223 F.R.D. 680 (S.D.Fla.2004). The Defendant objects to the proposed Notice on the grounds that it is biased, self-serving, and suggests the Court's approval of the Plaintiff's claims, but the Defendant does not point to any specific flaw or shortcoming, save for the absence of contact information for its counsel,

on which this Court can make a ruling. However this Court can direct the parties to other, albeit unpublished Orders from the Southern District of Florida for additional examples of Notice and Consent forms, such as *Reyes v. Carnival Corp.,* Case No. 04-21861-GOLD (Aug. 15, 2005), *Pendelbury v. Starbuck's Coffee Co.,* Case No. 04-80521-CIV-MARRA (May 11, 2005), and *Dieujuste v. Onyx Waste Servs. Southeast, Inc.,* Case No. 04-81104-CIV-HURLEY (May 3, 2005). Given this guidance, this Court is confident in the parties' ability to reach a mutually agreed upon form for use in this case. If disputes concerning the Notice's form and content still arise, the Plaintiff shall file the appropriate motion seeking final approval within ten (10) days of the date of an appropriate Order on the Motion to Dismiss.

Based on the foregoing, it is hereby,

ORDERED AND ADJUDGED that the Motion for an Order Permitting Court Supervised Notice is GRANTED. However the granting of relief is contingent upon the District Court's ruling on the Motion to Dismiss, *and the Plaintiff shall not begin the notification process until then.* It is further,

ORDERED AND ADJUDGED that the Defendant's Motion to Strike Affidavits is DENIED.

DONE AND ORDERED.

S.D.Fla.,2006.
Guerra v. Big Johnson Concrete Pumping, Inc.
Slip Copy, 2006 WL 2290512 (S.D.Fla.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 423474 (Trial Motion, Memorandum and Affidavit) Plaintiff's Reply Memorandum in Support of Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights (Jan. 30, 2006) Original Image of this Document (PDF)
• 2006 WL 423473 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Dismiss (Jan. 4, 2006) Original Image of this Document with Appendix (PDF)
• 2005 WL 2609428 (Trial Pleading) Complaint

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2006 WL 2290512 (S.D.Fla.)
**(Cite as: Slip Copy)**

(Aug. 9, 2005) Original Image of this Document
(PDF)
• 2:05CV14237 (Docket) (Aug. 9, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                Page 1

Slip Copy, 2006 WL 1209813 (N.D.Ga.)
(Cite as: Slip Copy)

Briefs and Other Related Documents
Scott    v.    Heartland    Home    Finance,
Inc.N.D.Ga.,2006.Only the Westlaw citation is
currently available.
    United States District Court,N.D. Georgia,Atlanta
                      Division.
          Desiree SCOTT, et al., Plaintiffs,
                          v.
        HEARTLAND HOME FINANCE, INC.,
                     Defendant.
        Civil Action No. 1:05-CV-2812-TWT.

                   May 3, 2006.

Donald H. Nichols, Michele R. Fisher, Paul J. Lukas
, Rachhana T. Srey, Jill M. Novak, Sarah M. Fleegel
, Nichols Kaster & Anderson, Minneapolis, MN, for
Plaintiffs.
David J. Carr, Margaret D. Wielenberg, Steven F.
Pockrass, Ice Miller, Indianapolis, IN, Daniel E.
Turner, Ashe Rafuse & Hill, Atlanta, GA, for
Defendant.

                 *OPINION AND ORDER*
THOMAS W. THRASH, JR., District Judge.
**1** This is an action brought pursuant to the Fair
Labor Standards Act, 29 U.S.C. § 201, *et seq.* It is
before the Court on the Plaintiffs' Motion for
Conditional Certification and Judicial Notice [Doc.
39]. For the reasons set forth below, the Plaintiffs'
motion is GRANTED.

                  I. *BACKGROUND*

Defendant Heartland Home Finance, Inc. ("
Heartland") is a mortgage banker and broker that
provides first and second mortgages directly to
consumers through its branch offices located
throughout the United States. Plaintiffs Desiree
Scott, Adam Provost, and Michelle Harrell are
former employees of Heartland. Each was employed

as a loan officer at one of Heartland's branch offices
located in Atlanta, Georgia. The Plaintiffs brought
this action individually and on behalf of other
similarly situated loan officers employed by
Heartland, alleging that Heartland failed to pay
minimum wage compensation in violation of the
Fair Labor Standards Act ("FLSA"), 29 U.S.C. §
206.

Prior to July 2002, Heartland classified its loan
officers as administratively exempt under the FLSA.
During this period, compensation for loan officers
was based solely on commissions earned on loans
they closed. However, in July 2002, following a
Department of Labor audit of one of its offices,
Heartland    instituted    a    new    company-wide
compensation policy for loan officers. The new
policy was that loan officers were paid $500.00
every two weeks, as a draw against any earned
commissions. At the same time, Heartland also
instituted a 40-hour work week in an effort to
ensure compliance with federal minimum wage and
overtime laws. However, if loan officers worked 45
hours or more per week, under the new
compensation plan, they would not receive the
federal minimum wage of $5.15 per hour.[FN1] (Pls.'
Mot. for Conditional Certification, Ex. B.)

> FN1. According to the Plaintiffs, minimum
> wage for a loan officer working 45 hours
> per week would equal $500.58. (Pls.' Mot.
> for Conditional Certification at 5 n. 16.)

The Plaintiffs allege that they worked 45 hours or
more per week and were not compensated beyond
the $500.00 draw. In addition, 170 individuals who
worked in 56 different branch office locations have
submitted    declarations    containing    similar
allegations. The Plaintiffs now seek conditional
certification of a collective action under 29 U.S.C. §
216(b). Specifically, the Plaintiffs move the Court
to certify a conditional class of current and former
Heartland loan officers and to authorize notice to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                         Page 2

Slip Copy, 2006 WL 1209813 (N.D.Ga.)
**(Cite as: Slip Copy)**

these individuals of their right to opt-in to the
collective action.

## II. DISCUSSION

Section 216(b) of Title 29 provides, in pertinent
part:
An action ... may be maintained against any
employer ... by any one or more employees for and
in behalf of himself or themselves and other
employees similarly situated. No employee shall be
a party plaintiff to any such action unless he gives
his consent in writing to become such a party and
such consent is filed with the court in which such
action is brought.

29 U.S.C. § 216(b).[FN2] A district court, in its
discretion, may authorize the sending of notice to
potential class members in a collective action in
appropriate cases. *Hoffman-La Roche, Inc. v.
Sperling,* 493 U.S. 165, 169-70 (1989); *Hipp v.
Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219
(11th Cir.2001); *Haynes v. Singer Co., Inc.,* 696
F.2d 884, 886-87 (11th Cir.1983). The Court of
Appeals for the Eleventh Circuit has endorsed a
two-tiered approach to determining whether to
certify a collective action under Section 216(b).

> FN2. A collective action under Section
> 216(b) differs from a Rule 23 class action
> in that an individual does not become a
> party to the Section 216(b) case unless and
> until he gives his consent in writing to
> become a party, i.e., "opts-in" to the
> action, whereas a party must affirmatively "
> opt-out" of a case proceeding as a Rule 23
> class action. *See Thiessen v. General Elec.
> Capital Corp.,* 267 F.3d 1095, 1102 (10th
> Cir.2001).

*2 The first determination is made at the so-called "
notice stage." At the notice stage, the district court
makes a decision-usually based only on the
pleadings and affidavits which have been
submitted-whether notice of the action should be
given to potential class members. Because the court
has minimal evidence, this determination is made

using a fairly lenient standard, and typically results
in "conditional certification" of a representative
class. If the district court "conditionally certifies"
the class, putative class members are given notice
and the opportunity to "opt-in." The action
proceeds as a representative action throughout
discovery.
*Hipp,* 252 F.3d at 1218 (*quoting Mooney v. Aramco
Servs. Co.,* 54 F.3d 1207, 1213-24 (5th Cir.1995)).
The second determination is typically precipitated
by a motion for "decertification" by the defendant
usually filed after discovery is largely complete and
the matter is ready for trial. At this stage, the court
has much more information on which to base its
decision, and makes a factual determination on the
similarly situated question. If the claimants are
similarly  situated, the district court allows the
representative action to proceed to trial. If the
claimants are not similarly situated, the district
court decertifies the class, and the opt-in plaintiffs
are dismissed without prejudice. The class
representatives-i.e. the original plaintiffs-proceed to
trial on their individual claims.

*Id.*[FN3] During the notice stage, the court should
determine: (1) whether there are other employees
who wish to opt-in to the action; and (2) whether
those employees are "similarly situated" with
respect to their job requirements and pay
provisions. *Dybach v. State of Fla. Dep't of Corrs.,*
942 F.2d 1562, 1567-68 (11th Cir .1991). Although
not challenging whether other employees desire to
opt-in to this action, Heartland argues that those
employees are not similarly situated and, thus, do
not satisfy the requirements for conditional
certification.[FN4]

> FN3. Although *Hipp* involved a collective
> action brought under the Age
> Discrimination in Employment Act of
> 1967, the Eleventh Circuit has made clear
> that the analysis set forth in that case
> applies with equal force to FLSA
> collective actions. *Cameron-Grant v.
> Maxim Healthcare Servs., Inc.,* 347 F.3d
> 1240, 1243 n. 2 (11th Cir.2003).

> FN4. Citing the related case of *McClain v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                   Page 3

Slip Copy, 2006 WL 1209813 (N.D.Ga.)
**(Cite as: Slip Copy)**

> *Heartland Home Finance, Inc.,* Heartland asserts that this Court previously declined to rule that its loan officers were similarly situated. (Def.'s Resp. to Pls.' Mot. at 21.) This assertion is disingenuous. In that case, the Court did not address the propriety of certification. Rather, in denying the motion to certify the class, the Court relied upon the fact that the named plaintiffs abandoned their claims, thus warranting dismissal of the underlying action. (Order, Dec. 30, 2005, *McClain v. Heartland Home Fin., Inc.,* No. 05-CV-416-TWT.)

The Plaintiffs bear the burden of establishing that they are similarly situated with the group of employees they wish to represent.[FN5] *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.1996). This burden, however, is not heavy. Applying the " fairly lenient standard" of the notice stage, plaintiffs are not required to show that they hold identical positions but, rather, must show only that their positions are similar to those positions held by the putative class members. *Hipp,* 252 F.3d at 1217; *Grayson,* 79 F.3d at 1096. Courts have held that the notice stage requires only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen,* 267 F.3d at 1102; *England v. New Century Fin. Corp.,* 370 F.Supp.2d 504, 508 (M.D.La.2005) (citation omitted); *Sperling v. Hoffmann-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J.1988). The Defendant contends that the Plaintiffs must demonstrate an unlawful policy. (Def.'s Resp. to Pls.' Mot. at 18-20, 22-23.) However, the Eleventh Circuit has stated that "a unified policy, plan, or scheme of discrimination may not be required to satisfy" the similarly-situated requirement of Section 216(b). *Hipp,* 252 F.3d at 1219 *(quoting Grayson,* 79 F.3d at 1095). Nevertheless, a plaintiff "must make some rudimentary showing of commonality between the basis for his claims and that of the potential class of the proposed class, beyond the mere facts of job duties and pay provisions." *Marsh v. Butler County Sch. Sys.,* 242 F.Supp.2d 1086, 1093 (M.D.Ala.2003); *see also Sheffield v. Orius Corp.,* 211 F.R.D. 411, 416 (D.Or.2002) (putative class members must "share common identifiable facts or

legal theories"). The Court finds that the Plaintiffs have done so in this case.

> FN5. The "similarly situated" requirement applicable to Section 216(b) collective actions is "more elastic and less stringent that the requirements founds in Rule 20 (joinder) and Rule 42 (severance) ." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1095 (11th Cir.1996).

*3 The Plaintiffs contend that they, and other loan officers at the various Heartland branch offices, worked 45 hours or more per week and were not paid the minimum wage. In support of this assertion, the Plaintiffs have presented declarations from 170 employees,[FN6] each of whom was employed by Heartland as a loan officer during the relevant time period. (Pls.' Mot. for Conditional Certification, Ex. G.) Although the individuals worked at various branch locations, the Plaintiffs claim that all loan officers, regardless of the office, perform essentially the same job duties and are subject to the same employment contract and compensation plan. (*Id.,* Ex. C .) Each of the putative class members stated that they have, on occasion, worked 45 hours or more per week, and that their earnings for those weeks were limited to the $500.00 draw provided for by the loan officer compensation plan. (*Id.,* Ex. G.) Additionally, the Plaintiffs submit the deposition testimony of 22 loan officers who testified similarly in a related case. (*Id.,* Exs.H, J-M, Q-Z, AA-GG.) As such, the Plaintiffs allege that the loan officers are similarly situated because they perform the same essential job duties and were denied the federal minimum wage as a result of the established loan officer compensation plan.

> FN6. To date, 424 loan officers have filed consent forms with the Court expressing their desire to opt-in to this action. (Fisher Aff. ¶ 2; [Docs. 42, 43, 46, 47, 50, 54, 56, 57].)

Heartland challenges the statements of the declarants that they worked more than 45 hours

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                  Page 4

Slip Copy, 2006 WL 1209813 (N.D.Ga.)
**(Cite as: Slip Copy)**

during a one-week period and were not paid minimum wage. However, the Court declines to resolve factual issues or make credibility determinations at this stage. *Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276, 279 (D.Minn.1992); *see also Camper v. Home Quality Mgmt. Inc.,* 200 F.R.D. 516, 520 (D.Md.2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). Moreover, Heartland's argument that the Plaintiffs and putative class members did not work in excess of the established 40-hour work week and, therefore, were not denied minimum wage is effectively an attack on the merits of the claims. However, "a court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists." *Kreher v. City of Atlanta, Ga.,* No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 (N.D.Ga. Mar. 20, 2006) *(quoting Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 55 (S.D.N.Y.2005)).

In addition, Heartland argues that the similarly-situated requirement has not been met because the Plaintiffs have failed to establish that loan officers from different branches had similar working hours. Heartland asserts that branch managers are responsible for running their respective offices and monitoring the hours of their loan officers. According to Heartland, this demonstrates the potential that factual differences regarding working hours exist among loan officers. Heartland also contends that the loan officers are not similarly situated because a number of the putative class members participated in Department of Labor settlements and have signed releases, thereby raising the possibility of various defenses to individual claims. At the notice stage, however, it is not appropriate for the Court to address the merits of the Plaintiffs' claims or weigh the evidence. Accordingly, variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage. *See Pendlebury v. Starbucks Coffee Co.,* Case No. 04-80521, 2005 WL 84500, at *3 (S.D.Fla. Jan. 3, 2005) (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); *Moss v. Crawford & Co.,* 201 F.R.D. 398, 410

(W.D.Pa.2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective basis of the class to the extent that it defeats the primary objectives of a § 216(b) action."). Rather, these issues are more appropriately addressed after the completion of discovery and during the second stage of the certification determination. *See Kreher,* 2006 WL 739572, at *4 n. 8 & 9 (issues of individualized nature of employees' claims, although potentially meritorious, should be considered during second stage of analysis); *Clarke v. Convergys Customer Mgmt. Group, Inc.,* 370 F.Supp.2d 601, 607 (S.D.Tex.2005) (individualized factual issues should be considered during second-stage analysis, not initial "notice" stage); *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 627 (D.Colo.2002) (factors such as "disparate factual and employment settings of the individual plaintiffs" and "various defenses available to defendant which appear to be individual to each plaintiff" are considered during the second, and stricter, stage of the similarly-situated analysis); *Moss,* 201 F.R.D. at 409-10 (same).[FN7]

> FN7. Heartland also argues that the Plaintiffs' claim is actually an overtime claim rather than a minimum wage claim, and that such a claim is already being pursued in the District Court of Colorado, *Melonakis-Kurz v. Heartland Home Finance, Inc.,* No. 03-MK-2485 (pac). This addresses the merits of the claim and is not relevant to the Court's determination of whether to grant the Plaintiffs' motion for conditional certification..

*4 The Court finds that the Plaintiffs have submitted sufficient evidence at the notice stage to establish, based on the fairly lenient standard, that loan officers employed by Heartland are "similarly situated" for purposes of conditionally certifying the collective action. Should Heartland move for decertification following discovery, the Court will revisit the certification issue and make a final determination as to whether the similarly-situated requirement has been met. Nevertheless, at this stage, the Court will permit the Plaintiffs to send

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                     Page 5

Slip Copy, 2006 WL 1209813 (N.D.Ga.)
**(Cite as: Slip Copy)**

notice of opt-in rights to potential members of the class. *See Hoffmann-La Roche, Inc.,* 493 U.S. at 169-70; *Hipp,* 252 F.3d at 1219. The Plaintiffs submitted a proposed notice of lawsuit to be sent to potential members of the class. (Pls.' Mot. for Conditional Certification, Ex. A.) Heartland failed to address the content or form of the Plaintiffs' proposed notice form in its response. However, after reviewing the proposed notice, the Court notes that the language of the Plaintiffs' proposed notice has not been adapted to the minimum wage claims of this case. For instance, on page 1, the notice refers to the lawsuit as "FAIR LABOR STANDARDS ACT *OVERTIME* LAWSUIT FILED AGAINST HEARTLAND HOME FINANCE." (*Id.*) (emphasis added). Additionally, on page 2, the action is described as "alleg[ing] that these individuals are owed *overtime pay* under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for hours worked in excess of forty (40) per week." (*Id.*) (emphasis added). Finally, on page 3, the notice states that "[i]f you choose to join this action, or choose to bring your own action, you may be able to recover damages if you were improperly denied *overtime compensation* only for *overtime hours worked....*" (*Id.*) (emphasis added). Accordingly, the Court declines to approve the Plaintiffs' proposed notice in its current state.

### III. *CONCLUSION*

For the reasons set forth above, the Plaintiffs' Motion for Conditional Certification and Judicial Notice [Doc. 39] is GRANTED. The Court conditionally certifies this as a collective action under 29 U.S.C. § 216(b). In addition, the Court grants the Plaintiffs' motion for judicial notice but declines to approve the Plaintiffs' proposed notice of lawsuit. Accordingly, the parties are directed to work together to reach an agreement on a proposed notice of lawsuit and submit such agreed-upon notice, in a form to be approved by the Court, within 30 days of this date. If, however, the parties are unable to reach an agreement, each party is directed to submit its version of a proposed notice, within the same period, for evaluation and approval by the Court.

SO ORDERED, this 3rd day of May, 2006.

N.D.Ga.,2006.
Scott v. Heartland Home Finance, Inc.
Slip Copy, 2006 WL 1209813 (N.D.Ga.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 736055 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Memorandum in Support of Motion for Conditional Certification and Judicial Notice (Feb. 23, 2006) Original Image of this Document (PDF)
• 2006 WL 736054 (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' Motion for Conditional Class Certification and Motion for Judicial Notice (Feb. 14, 2006) Original Image of this Document (PDF)
• 2006 WL 426771 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Support of Motion for Conditional Certification and Judicial Notice (Jan. 31, 2006) Original Image of this Document (PDF)
• 2005 WL 3554470 (Trial Pleading) Answer and Defenses to Plaintiffs' Collective Action Complaint (Nov. 22, 2005) Original Image of this Document (PDF)
• 1:05cv02812 (Docket) (Oct. 31, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                          Page 1
Not Reported in F.Supp.2d, 2006 WL 739572 (N.D.Ga.)
**(Cite as: 2006 WL 739572 (N.D.Ga.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Georgia, Atlanta Division.
Michael Scott KREHER, et al., Plaintiffs,
v.
CITY OF ATLANTA, GEORGIA, Defendant.
**No. 1:04-CV-2651-WSD.**

March 20, 2006.

Andrew M. Sacks, Sacks & Sacks, Norfolk, VA,
Lance Warren Tyler, Nage-Ibpo, Pamela Johnson,
National Association of Government Employees,
Mitchell Douglas Benjamin, Johnson & Benjamin,
Harlan Stuart Miller, III, Miller Billips & Ates,
Atlanta, GA, for Plaintiffs.

Jason T. Summers, Norcross, GA, pro se.

John F. Wymer, III, Samuel M. Matchett, Tiffany B.
Harlow, Todd Clifford Duffield, King & Spalding,
Atlanta, GA, for Defendant.

*ORDER*

DUFFEY, J.

**\*1** This matter is before the Court on Plaintiffs'
Motion for Conditional Certification of the Class in
this 29 U.S.C. § 216(B) Collective Action [32]. On
November 7, 2005, the Court held a hearing (the
"Hearing") on Plaintiffs' motion. At the Hearing, the
Court reserved ruling on whether to certify the class
conditionally, pending the submission of additional
factual information by Plaintiffs. On November 23,
2005, Plaintiffs submitted their Supplemental
Authority in Further Support of their Motion for
Conditional Certification of the Class in this 29
U.S.C. § 216(B) Collective Action [64] ("Pls.'
Supplemental Authority"). On December 7, 2005,
Defendant City of Atlanta ("Defendant") filed its
Response to Plaintiffs' Supplemental Authority in
Further Support of their Motion for Conditional
Certification [65] ("Def.'s Resp. to Pls.' Supplemental
Authority").

I. *BACKGROUND*

This is an action in which Plaintiffs seek to recover
allegedly unpaid overtime compensation under the
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § §
201-219, and seek a declaratory judgment under 22
U.S.C. § § 2201-2202. Plaintiffs are police officers
currently employed by the City of Atlanta. [FN1]
Plaintiffs allege they (i) worked hours in excess of
the statutory maximum without receiving the
overtime compensation required under the FLSA, (ii)
were required to accept compensation in the form of
compensatory time instead of overtime pay without
an agreement in violation of the FLSA, and (iii) did
not receive compensatory time at the FLSA-required
rate of one and one-half hours for each hour of
employment for which overtime compensation is
required. (Compl.[1].)

> FN1. The named Plaintiffs in this action
> represent different categories of police
> officers. They include SWAT Sergeant
> Christopher Leighty, Homicide Investigators
> Stephen Balkcom and Bret Zimbrick,
> Homeland Security Sergeant Michael
> Giugliano, Homeland Investigator Kenneth
> Allen, Training Academy Officers Kevin
> Knapp and Stephen Zygaj, Narcotics
> Investigators J.T. Summerlin and Jason
> Trombley, and Sergeant Michael Kreher.
> (Pls.' Mot. for Conditional Cert. of Class at
> 9-10.)

Plaintiffs seek conditional certification of the class to
pursue this action as a collective action under 29
U.S.C. § 216(b). The conditional class would consist
of current and former City of Atlanta police officers,
who served with the City of Atlanta Police
Department from September 10, 2001 to the present,
and are similarly situated with Plaintiffs. Plaintiffs
claim "every single plaintiff and potential class
member is alleging that the City's compensatory time
practices, governed by Section 114-423 of the City of
Atlanta Code of Ordinances[,] violates the FLSA's
regulations regarding compensatory time...." (Pls.'
Mot. for Conditional Cert. of Class at 10.) Plaintiffs
also request the Court to approve their proposed
Notice of Lawsuit. (*See* Notice of Lawsuit, attached
as Ex. D to Pls.' Mot. for Conditional Cert. of Class)

At the Hearing, the parties addressed the Court's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                Page 2
Not Reported in F.Supp.2d, 2006 WL 739572 (N.D.Ga.)
(Cite as: 2006 WL 739572 (N.D.Ga.))

concern regarding the evidentiary basis for Plaintiffs' contention they are similarly situated to the class they seek to represent. At the conclusion of the Hearing, the Court permitted Plaintiffs to supplement their pleadings on or before November 23, 2005, to provide a sufficient factual basis to conditionally certify a class under Section 216(b). (Nov. 7, 2005 Hearing Tr. at 19-20.) Specifically, the Court requested Plaintiffs to provide a factual predicate for (i) Plaintiffs' claims that the FLSA has been questioned sufficiently for the Court to conditionally certify a class, and (ii) the Court to determine which similarly-situated persons may be included in a notice. (*Id.*)

*2 In their supplemental response, Plaintiffs submit additional evidence consisting of:
  a) The City's Seventh Defense asserted in its Answer to the Complaint, in which it admits that it pays overtime compensation to the plaintiffs in compensatory time rather than in cash (Exhibit "A");
  b) Declarations from both named plaintiffs and opt-in plaintiffs (Exhibits "C" through "I" and "L"[) ]; and
  c) City Ordinance § 114-423, which permits the City to compensate plaintiffs for overtime in compensatory time instead of in overtime pay (Exhibit "B").
(Pls.' Supplemental Authority at 1-2.) Plaintiffs claim this evidence demonstrates the named Plaintiffs, the opt-in plaintiffs and the proposed class members are the "victims of a unified policy," under which Plaintiffs (i) are paid compensatory time, instead of overtime pay, without any agreement or understanding to do so, (ii) receive compensatory time at the straight pay rate instead of at the rate of one and one-half hours for each hour of overtime worked, and (iii) work overtime hours, including hours worked performing work functions while not on shift, without any compensation. (*Id.* at 2-6.)

Defendant contends Plaintiffs have failed to present any evidence they worked more than 171 hours in any 28-day work period to entitle them to overtime pay or compensatory time under the FLSA. [FN2] Defendant further argues Plaintiffs' evidence demonstrates there is a "well-established understanding between the City and Plaintiffs about the providing of compensatory time off in lieu of overtime pay," that this understanding was in place well before 2001 and that Plaintiffs have accepted compensatory time off in lieu of overtime pay for a number of years. (Def.'s Resp. to Pls.' Supplemental Authority at 2.) In the absence of evidence or

allegations to establish a violation of the FLSA, Defendant argues Plaintiffs' Motion for Conditional Certification should be denied.

> FN2. Because Plaintiffs have admitted they are exempt from the provisions of Section 207(a)(1) because they are engaged in "law enforcement activities," Defendant argues Plaintiffs should voluntarily dismiss Count One or the Court should dismiss it with prejudice. (Def.'s Resp. to Pls.' Supplemental Authority at 4 n. 1.) Defendant's contention appears to have merit. However, this matter is currently before the Court on Plaintiffs' Motion for Conditional Certification of the Class and the Court will not consider Defendant's argument on this issue at this time.

II. *DISCUSSION*

A. *Conditional Certification of the Class*

Section 216(b) provides, in pertinent part:
  An action ... may be maintained against any employer (including a public agency) ... by any one or more employees for and in [sic] behalf of himself and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.
29 U.S.C. § 216(b). The opt-in provisions of Section 216(b) permit a plaintiff to bring a collective action on behalf of himself and also on behalf of others similarly situated. [FN3]

> FN3. "[A] putative plaintiff must affirmatively opt into a § 216(b) action by filing his written consent with the court in order to be considered a class member and be bound by the outcome of the action." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir.2001).

The Eleventh Circuit has approved the use of a two-tiered approach to certifying collective actions under Section 216(b). The first step of this analysis--the "notice stage"--requires the district court "satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Florida Dep't of Corrections,* 942 F.2d 1562, 1567-68 (11th Cir.1991). "The

Not Reported in F.Supp.2d                                                                Page 3
Not Reported in F.Supp.2d, 2006 WL 739572 (N.D.Ga.)
**(Cite as: 2006 WL 739572 (N.D.Ga.))**

plaintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir.1996). *See also Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983) (noting plaintiff has the burden to demonstrate "a reasonable basis for crediting their assertions that aggrieved individuals existed in the broad class that they proposed."). [FN4] To demonstrate substantial similarity, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson,* 79 F.3d at 1096 (quotation and citation omitted). "[P]laintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Grayson,* 79 F.3d at 1097 (quotation and citation omitted). "[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffman v. Sbarro, Inc.,* 982 F.Supp. 249, 261 (S.D.N.Y.1997).

> FN4. "Conditional certification is used to determine (1) the contour and size of the group of employees that may be represented in the action so as to authorize a notice to possible collective members who may want to participate, and (2) if the members as described in the pleadings are 'similarly situated.' " *7B Wright, Miller & Kane, Federal Practice and Procedure §* 1807 at 488-89 (3d ed.2005).

**\*3 Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.** *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir.2001) (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir.1995)). [FN5]

> FN5. *Hipp* involved a collective action brought under the Age Discrimination in Employment Act of 1967 (the "ADEA"). In *Cameron-Grant v. Maxim Healthcare Services, Inc.,* 347 F.3d 1240, 1243 n. 2

(11th Cir.2003), the Eleventh Circuit found the *Hipp* analysis "relevant to FLSA collective actions...."

The second determination for the district court is typically commenced by defendant's filing of a motion for decertification. This second step occurs after notice, time for opting-in, and discovery have taken place. Applying a stricter standard, the Court makes a **"factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial."** *Hipp,* 252 F.3d at 1218. This two-tiered approach is only a suggested approach, and the decision to create an opt-in class under Section 216(b) is within the discretion of the district court. *Hipp, 252 F.3d at 1218.*

Defendant's opposition to Plaintiffs' motion for conditional certification of the class is based on two arguments: (1) Plaintiffs were not entitled to any overtime pay, and (2) Defendant and Plaintiffs had an agreement that Plaintiffs would be provided compensatory time off instead of overtime pay.

*1. Entitlement to Overtime Pay*

Under the FLSA, Defendant is required to pay its police officers overtime compensation for all hours worked in excess of 171 hours in a 28-day period at a rate not less than one and one-half times the regular rate at which the officers are employed. *See* 29 U.S.C. § 207(k); 29 C.F.R. § 553.230. [FN6] Defendant argues its policies comply with the FLSA because it awards Plaintiffs one hour of compensatory time off for every hour worked in excess of 160 hours but below 171 hours in a 28-day period, and that when an employee works over 171 hours in such a period, Defendant awards compensatory time off at a rate of one and one-half hours off for every hour worked. [FN7]

> FN6. "For those employees engaged in law enforcement activities (including security personnel in correctional institutions) who have a work period of at least 7 but less than 28 consecutive days, no overtime compensation is required under section 7(k) until the number of hours worked exceeds the number of hours which bears the same relationship to 171 as the number of days in the work period bears to 28." 29 C.F.R. § 553.230.

> FN7. Defendant submits the affidavit of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Lieutenant Hudson-Baker to support its argument. (*See* Hudson-Baker Aff., attached as Ex. K to Def.'s Resp. to Pls.' Supplemental Authority, ¶ 6.)

At this stage of the litigation, the Court has minimal evidence before it. Plaintiffs' burden on conditional certification is minimal and may be met by making substantial allegations of FLSA violations, which are supported by affidavits, and by demonstrating a reasonable basis for finding these violations were common to a class of individuals. Plaintiffs here submit evidence in the from of numerous declarations that they and other employees of Defendant were subjected to unlawful pay practices. (*See* Declarations, attached as Exs. C-I and L to Pls.' Supplemental Authority.) Specifically, these declarations demonstrate that Plaintiffs (i) worked overtime hours but were compensated in compensatory time at the rate of one hour of compensatory time for each hour of overtime worked, and (ii) worked "a lot of time ... while not on shift" and "receive[d] no compensation whatsoever, whether as compensatory time or paid time for this work." (*See* Kwitkin Decl. ¶ ¶ 2, 4; Collier Decl. ¶ 2; Trombley Decl. ¶ ¶ 3-4; Allen Decl. ¶ ¶ 3-4; Giugliano Decl. ¶ ¶ 3-4.)

**\*4** Defendant's argument against conditional certification of the class essentially is an attack on the merits of Plaintiffs' claims. [FN8] "The focus of this inquiry, however, is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated.... [A] court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists." *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54-55 (S.D.N.Y.2005) (quotation and citation omitted); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 91, 96 (S.D.N.Y.2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff...."). Defendant would require Plaintiffs submit evidence of a highly particularized nature; such a standard would place too high a burden on Plaintiffs at this preliminary stage in the litigation. [FN9] Although lacking some detail, Plaintiffs' declarations establish the existence of other employees employed in similar positions and subjected to similar policies. Applying the Eleventh Circuit's "fairly lenient standard," Plaintiffs have

demonstrated a reasonable basis, albeit barely, to conclude they were entitled to overtime pay and either did not receive any pay or were compensated at an inadequate rate in violation of the FLSA, and there is a reasonable basis to conclude these violations occurred on a class-wide basis. Plaintiffs here have met their burden to establish that sending notice to potential plaintiffs is appropriate. [FN10] *Accord Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363-64 (M.D.Ala.1999) (drawing inferences in favor of plaintiffs to find other similarly-situated aggrieved individuals exist); *White v. Osmose, Inc.,* 204 F.Supp.2d 1309, 1317-18 (M.D.Ala.2002) (considering contradictory evidence submitted by employer but finding plaintiffs adequately demonstrated the existence of similarly-situated aggrieved individuals). [FN11]

FN8. Defendant also claims the individualized nature of Plaintiffs' allegations regarding "working off the clock" makes these claims ill-suited for collective-action treatment. Plaintiffs have alleged that many employees were subject to common policies which violated the FLSA. The Court will consider whether the individualized nature of their claims requires decertification of the class at the appropriate time during the second stage of the analysis.

FN9. Although Defendant's contentions may have merit, the issues raised by Defendant are appropriate for consideration during the second-stage analysis, and not during the initial notice stage.

FN10. That Defendant admits granting Plaintiffs compensatory time indicates Plaintiffs did in fact work excess hours during particular time periods. Drawing reasonable inferences in favor of Plaintiffs, when combined with Plaintiffs' other allegations, there is sufficient evidence at this preliminary stage to find a possible violation of the FLSA.

FN11. Plaintiffs' allegations and testimony, in their totality, demonstrate the members of the proposed class were treated similarly in their alleged denial of overtime pay. "A connection among various employees' claims sufficient to support permissive joinder under Federal Rule of Civil Procedure 20(a) establishes that the employees are similarly situated for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 5
Not Reported in F.Supp.2d, 2006 WL 739572 (N.D.Ga.)
**(Cite as: 2006 WL 739572 (N.D.Ga.))**

purposes of Section 216(b). Because a pattern or practice satisfies the same transaction or occurrence requirement of Rule 20(a), it also satisfies Section 216(b)." *Reed v. Mobile County Sch. Sys.,* 246 F.Supp.2d 1227, 1233 n. 10 (S.D.Ala.2003) (citation and quotation omitted) (noting a pattern or practice of not paying employees earned overtime compensation would satisfy the similarly-situated requirement). *See also Grayson,* 79 F.3d at 1095 ("Essentially we hold that the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance).").

*2. Acceptance of Compensatory Time Off Instead of Overtime Pay*

Under 29 U.S.C. § 207(o)(1), a public agency may provide compensatory time off, at a rate of one and one-half hours per hour of overtime compensation owed, in lieu of overtime pay. However, this practice of substituting compensatory time for overtime pay is only permissible when applied pursuant to "applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees," or "an agreement or understanding arrived at between the employer and employee before the performance of the work." 29 U.S.C. § 207(o)(2). The FLSA regulations further provide:

An agreement or understanding may be evidenced by a notice to the employee that compensatory time off will be given in lieu of overtime pay. In such a case, an agreement or understanding would be presumed to exist for purposes of section 7(o) with respect to any employee who fails to express to the employer an unwillingness to accept compensatory time off in lieu of overtime pay. However, the employee's decision to accept compensatory time off in lieu of cash overtime payments must be made freely and without coercion or pressure.

**\*5** 29 C.F.R. § 553.23(c)(1).

Here, there was no agreement between Defendant and a representative of Plaintiffs. Defendant argues under the second prong of the statute that there is a well-established understanding between the Defendant and Plaintiffs that the City would provide compensatory time in lieu of overtime pay. Plaintiffs, on the other hand, submit evidence the officers were compensated for overtime hours worked in compensatory time rather than overtime pay, and that

the officers "never agreed to accept compensatory time in lieu of overtime pay and would not do so given the choice." (*See, e.g.,* Kreher Decl. ¶ ¶ 2-3; Kwitkin Decl. ¶ 2; Collier Decl. ¶ ¶ 2-3.)

Again, Defendant urges the Court to adjudicate the merits of Plaintiffs' claim at this preliminary stage of the proceedings. Plaintiffs have alleged violations of the FLSA, and, on the undeveloped record before it, the Court cannot determine conclusively if there was an understanding between Plaintiffs and Defendant, or if any such agreement was made freely and without coercion or pressure. For purposes of this motion, it is sufficient to find that Plaintiffs have provided a sufficient reasonable basis for finding a violation of the FLSA and the existence of a similarly-situated group of aggrieved individuals. Accordingly, conditional certification of the class is appropriate for purposes of sending notice to potential class members. [FN12]

> FN12. The Court's conclusion that there exists a similarly-situated group of aggrieved individuals is bolstered by Defendant's observation that there were originally 157 named Plaintiffs in this action and that approximately 100 additional consents to become Plaintiffs were filed with the Court since the filing of the Complaint. (*See* Def.'s Resp. to Pls.' Mot. for Conditional Cert. of Class at 2.)

While the Court finds this case may proceed to the next stage, Plaintiffs' submissions, Defendant's response, and that the dispute concerns the payment of public funds to public safety employees persuades the Court it should closely manage this litigation so that an initial decision may be made on the merits of Plaintiffs' claims. Thus, it is important the issues regarding notice to potential class members and discovery proceed promptly.

*B. Notice to Class Members*

To further the Congressional policy that plaintiffs be allowed to proceed collectively under Section 216(b), a district court has the authority and discretion to issue an order permitting a plaintiff to send notice of opt-in rights to potential members of the class. *See Grayson,* 79 F.3d at 1096. "Courts have held that the form and content of the notice is to be approved by the Court prior to mailing in order that present and after-the-fact disputes between counsel as to form and manner of consent may be eliminated." *Young,* 229 F.R.D. at 56 (quotation and citation omitted).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 739572 (N.D.Ga.)
**(Cite as: 2006 WL 739572 (N.D.Ga.))**

Page 6

The parties have submitted to the Court competing versions of a proposed notice of lawsuit to be sent to potential members of the class [32, 34]. The Court has carefully evaluated the proposed notices to determine how to fairly and reasonably provide to potential class members information for them to evaluate whether to opt into the class. Attached to this Order as Attachment "A" is the notice approved by the Court.

III. *CONCLUSION*

For the reasons stated above,

**\*6** IT IS HEREBY ORDERED that Plaintiffs' Motion for Conditional Certification of the Class in this <u>29 U.S.C. § 216(B)</u> Collective Action [32] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' counsel is authorized to transmit to potential class members the Notice of Lawsuit attached as Attachment "A" to this Order, provided such transmittal is made on or before April 19, 2006. The date anticipated to be included in paragraph X of the Notice of Lawsuit shall comply with paragraph IV of the Notice and shall be inputted before the Notice is printed and transmitted.

IT IS FURTHER ORDERED that the parties shall submit to the Court, on or before April 19, 2006, a detailed plan of discovery which provides for the completion of discovery by September 1, 2006.

SO ORDERED.

Not Reported in F.Supp.2d, 2006 WL 739572 (N.D.Ga.)

**Motions, Pleadings and Filings** <u>(Back to top)</u>

• <u>2005 WL 1555277</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Brief in Further Support of Their Motion for Conditional Certification of the Class in This 29 U.S.C. § 216(B) Collective Action (Jun. 24, 2005)Original Image of this Document (PDF)

• <u>2004 WL 2658783</u> (Trial Pleading) Complaint (Sep. 10, 2004)Original Image of this Document with Appendix (PDF)

• <u>1:04cv02651</u> (Docket) (Sep. 10, 2004)

• <u>2004 WL 3403114</u> (Trial Motion, Memorandum and Affidavit) Defendant's Response to Plaintiffs' Motion for Conditional Certification (2004)Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.