# EXHIBIT E

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUL 2 8 1999

THOMAS K. KAHN
CLERK

No. 99-11704-J

IN RE:

PATRICIA CAVUCCI, ET AL.,

Petitioners.

On Petition for Writ of Mandamus to the United States
District Court for the Middle District of Florida

BEFORE:  TJOFLAT, DUBINA and CARNES, Circuit Judges.

BY THE COURT:

Petitioners filed the present action against PETsMART, Inc. ("Petsmart"), alleging that Petsmart violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (1994), by requiring employees to work overtime without compensation, and by falsely characterizing certain management positions as exempt from overtime pay. Petitioners filed this suit as a collective action under 29 U.S.C. § 216(b) (1994), which permits plaintiffs to bring certain FLSA actions on behalf of themselves and other similarly situated persons, provided those persons opt into the suit in writing. In order to identify similarly situated current and former Petsmart employees and to inform them of their potential interest in the lawsuit, petitioners moved the district court to cease

enforcement of Middle District of Florida Local Rule 4.04(e)[1] and to approve *ex parte* communications (by plaintiffs or their attorneys) with anyone "having a potential interest in the outcome of this case and/or personal knowledge of the [alleged] wrongdoing." The district court denied the motion without comment. Petitioners now seek a writ of mandamus ordering the district court to cease enforcement of Rule 4.04(e) and to permit petitioners' counsel to communicate with potential collective action members.

Before we discuss petitioners' motion in the district court, we believe it is necessary to engage in a short discussion of court-approved notice to potential plaintiffs in a collective action. In Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989), the United States Supreme Court delineated the role that a district court may play in regulating communications between named plaintiffs and potential collective action members. The Court concluded that a district court has the discretion, in appropriate cases, to facilitate notice of the action to potential plaintiffs. If the named plaintiffs seek the district court's assistance, it is within the court's case management authority to supervise the "preparation and distribution of the notice [to] ensure that it is timely, accurate, and informative." Id., 493 U.S. at 172, 110 S. Ct. at 487.[2] The Court did not conclude, however, that plaintiffs were required to seek court approval

---

[1] Local rule 4.04(e) states in pertinent part:
In every case sought to be maintained by any party as a class action, all parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate concerning such action with any potential or actual class member, not a formal party to the case, without approval by order of the Court.
M.D. Fla. R. 4.04(e).

[2] The Court explained that plaintiffs may wish to seek such assistance from the court in order to "settl[e] disputes about the content of the notice before it is distributed [and thereby] avoid the need to cancel consents obtained in an improper manner." Id.

2

before contacting potential members: if the plaintiffs wish to contact potential collective action members without the district court's intervention, they are free to do so.

Additionally, we note that, despite petitioners' fears to the contrary, Local Rule 4.04(e) does not require plaintiffs in a section 216(b) collective action to obtain court approval before communicating with potential plaintiffs. Rule 4.04(e) only governs class actions brought pursuant to Fed. R. Civ. P. 23, not collective actions brought under section 216(b). See Tucker v. Labor Leasing, Inc., 872 F. Supp. 941, 949 (M.D. Fla. 1994). Thus, Rule 4.04(e) does not apply to petitioners' suit.

We turn now to petitioners' motion in the district court. Petitioners sought the court's prior approval for ex parte communication with anyone "having a potential interest in the outcome of this case and/or personal knowledge of the [alleged] wrongdoing." The district court did not comment on the motion; it simply responded by stamping on the motion the words "Denied and So Ordered." Although it is difficult (if not impossible) to determine the district court's reasoning for its decision to deny the motion, we read the district court's action as a refusal to exercise its discretion to enter the specific order requested by the petitioners. As the Supreme Court elucidated in Hoffman-La Roche, it is within the district court's discretion to facilitate – or not to facilitate – notice to potential plaintiffs. We see no abuse of discretion in the district court's action.[3] The petition for writ of mandamus is therefore

DENIED.

---

[3] We note, however, that the court's refusal to exercise its discretion in this instance does not prevent petitioners from contacting potential plaintiffs without the court's approval.

3