## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Deana Vondriska, individually and on behalf      Case File No. 8:06-cv-1492-JDW-MAP
of others similarly situated,
Plaintiffs,

v.

Premier Mortgage Funding, Inc.,
Defendant.

---

### INTRODUCTION

Defendant is careful to state that it is Plaintiff's "employer" for purposes of the federal

Housing and Urban Development ("HUD") requirements necessary for it to engage in business

and make money.   However, when it comes to following the federal wage and hour laws,

Defendant asserts what Hogan's Heroes fans would refer to as the Sergeant Schulz defense—"I

know nothing.  Nothing!"  The Court should not permit Defendant to financially benefit from its

status as an employer, and at that same time excuse Defendant from its obligation under the Fair

Labor Standards Act ("FLSA") to insure that its employees are properly paid.  Plaintiff seeks to

send notice and conditional certify only the class of employees who were not paid overtime

compensation as a result of this deliberate ignorance.  Plaintiff has met the lenient similarly

situated standard and the Court should grant her motion for conditional certification and notice.

### ADDITIONAL RELEVANT FACTS

On December 6, 2006, Plaintiff deposed Premier Mortgage Funding, Inc.'s ("Premier")

Director of Operations Jeremy Lube ("Lube").   Lube was produced as the Rule 30(b)(6)

corporate representative purportedly most knowledgeable about specific topics such as corporate

structure, loan officers' job duties and responsibilities, manner of compensating loan officers,

Defendant's decision to classify loan officers as exempt and/or non-exempt employees, and

Defendant's method of recording hours worked by loan officers. Lube confirms that within Premier, both "loan officers" and "loan originators" sell loans. (Exhibit 1, Lube Dep. 19.) With respect to these employees, Defendant strictly adheres to all HUD requirements, ensuring that they are bona-fide W-2 employees, rather than an independent contractors, because the loan officers cannot sell loans unless they are W-2 employees of the company. (Id. at 18, 51.)

Lube testified that Premier's branch managers make the exempt/non-exempt classification decisions, and corporate makes **no** effort to ensure that its loan officers are properly classified for purposes of the FLSA. (Id. at 36-39.) Additionally, Premier provides its branch managers with **no** guidelines, manual, training or other guidance on how to classify the loan officers. (Id. at 37, 39-40.) Rather, Defendant simply requires branch managers to "agree to follow state and federal regulations regarding employment." (Id. at 39-40.) Lube claims that Premier does not know how a single loan officer is classified and does not keep track of the number of hours worked by any of its loan officers. (Id.) Finally, Lube admits that despite a certain degree of autonomy, corporate office controls the branch offices and branch managers. (Id. at 17, 19.)

## ARGUMENT

### I.   DEFENDANT IS AN EMPLOYER WHO HAS TOTAL CONTROL OVER ITS BRANCH OFFICES.

As the "employer," Premier is responsible for properly classifying all of its W-2 employees, including those who are responsible for selling loans, and does not escape liability by simply assigning the classification duty to the branch managers.[1] To conduct business according to the requirements of HUD and FHA, Premier is extremely conscientious about ensuring that

---

[1] Under the FLSA, an "[e]mployer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization. 29 U.S.C. § 203(d).

each of its loan officers is a W-2 employee. (Lube Dep. at 17-19.) Yet, for purposes of FLSA compliance, Premier does not know how a single loan officer is classified, does not keep track of the loan officers' hours, and does not know if any loan officer is receiving overtime compensation. Further, Premier provides no training, no guidelines, and no manual to the individuals it has delegated the task of ensuring compliance with wage and hour laws, its branch managers. Defendant is cautious when it comes to making money, and indifferent when it comes to paying its employees properly. Such indifference should not be rewarded by this Court.

Plaintiff does not seek to include loan officers who were properly paid overtime compensation in this lawsuit. Therefore, employees from Defendant's branches who were paid as "non-exempt" employees because the branch manager guessed right are not invited to join in notice of this lawsuit. Only those who were denied overtime compensation as a result of Defendant's willful ignorance will be included in the conditionally certified class. Plaintiff has shown that she is similarly situated to all other employees who sell loans within Defendant's branch offices, and worked overtime without overtime compensation. Because she has sufficiently demonstrated that a reasonable basis exists for Plaintiff's claims of a company-wide violation of the FLSA, her motion should be granted.

## II.    A SECOND STAGE ANALYSIS IS INAPPROPRIATE AND DEFENDANT'S CASES ARE DISTINGUISHABLE.

By arguing for fact-specific inquiries at this early notice stage, Defendant's opposition asks the Court to skip the first stage and apply in the incorrect legal standard. Defendant's opposition alerts the Court to the fact that at this early stage of the litigation, the parties' positions diverge—an undisputed fact that does not preclude notice. See Severtson v. Phillips Beverage Co., 141 F.R.D. 276, 279 (D. Minn. 1992) (concluding that the determination of whether a colorable basis exists for plaintiffs' [similarly situated] claim does not require the

court to make any findings of fact with respect to contradictory evidence nor does the court need to make any credibility determinations); see also Hipp v. Liberty Nat'l Life Ins., 252 F.3d 1208, 1219 (11th Cir. 2001) (rejecting defendant's argument that class could not be conditionally certified because each plaintiff's case required individual analysis) (citation omitted).

While some courts bypass the first notice stage under the two-tier ad hoc approach, this only occurs when extensive discovery has been completed. See Ray v. Motel 6 Operating, 1996 WL 938231, at *3-4 (D. Minn. Mar. 18, 1996).[2] Here, Defendant has no basis for suggesting that the stricter standard should apply, particularly when discovery is in its infancy, with the discovery deadline nearly ten months away. As such, the cases cited by Defendant arguing for individualized factual inquiry are readily distinguishable from Plaintiff's case. In Ray, the Court recognized the lenient notice standard but applied the stricter seconds stage analysis because the facts before the court were so extensive that there was no additional discovery needed to determine whether the plaintiffs and putative class members were similarly situated to proceed **to trial** as a collective class. Id. Likewise, in Morisky v. Public Serv. Elec. Gas & Co., 111 F. Supp. 2d 493, 498 (D. N. J. 2000), discovery was completed well before the plaintiffs' motion for notice was even filed. As a result, the court applied the stricter second-stage standard and found that the plaintiffs had not met their burden to proceed collectively through trial. Id.[3] Unlike these cases, the lenient standard is applicable in this case because the factual record in this case is far from complete. If any purported differences between the factual circumstances of Plaintiff and each individual class member exist, these will be revealed through discovery. In the

---

[2] A true and correct copy of all cited unpublished decisions are attached hereto as Exhibit 2.
[3] The Clausman court initially granted the plaintiff's motion for conditional class certification, then permitted the defendant to conduct more discovery after the court's order, and later considered the defendant's sur-reply relating the merits of the defendant's outside sales exemption defense. Clausman v. Nortel Networks, Inc., 2003 U.S. Dist. LEXIS 11501, at **4-5 (S. D. Ind. May 1, 2003). In considering the merits of the plaintiff's case, the court improperly deviated from the accepted first stage standard.

meantime, drawing disingenuous distinctions between Plaintiff and the putative class, and asking

Court to consider the need for individualized factual inquiry does not prevent notice where

Plaintiff has come forward with the necessary evidence to show that similarities exist.

## III.   PLAINTIFF'S PROPOSED NOTICE HAS BEEN ROUTINELY ADOPTED BY COURTS AROUND THE COUNTRY.

Defendant objects to Plaintiff's Proposed Notice because it does not employ one class of

"loan officers." Job titles are not relevant. See Trezvant v. Fidelity Employer Servs. Corp., 434

F. Supp. 2d 40, 48 (D. Mass. 2006) ("Different job titles or positions do not preclude a finding

that plaintiffs are "similarly situated."). Plaintiff seeks to represent all persons who sold loans,

worked overtime hours, and were not paid overtime compensation. All job titles for individuals

who meet the criteria should all be included in the notice. As for the dates to be inserted in the

notice, Plaintiff intentionally left that date blank. If Plaintiff's motion is granted, the notice

period typically begins from the day the Court orders notice to be sent and dates back three years

from that date. No dates have been established as the Court has not ruled on Plaintiff's motion.[4]

## CONCLUSION

Plaintiff does not debate that each of Defendant's individual branch offices, and the

branch managers at each, could be sued as Defendants under the broad definition of "employer

under the FLSA. However, Plaintiff has sued Defendant, and Defendant has admitted that it is

Plaintiff's "employer." As such, it has an obligation to comply with the FLSA, and having failed

to meet that obligation to a class limited to loan officers denied overtime pay, they are liable for

the resulting damages to this "similarly situated" group.

---

[4] Defendant also argues that the opt-in period should be 45 days.  Most courts permit 60 or more days for a reasonable opt-in period. Finally, Defendant's objection to the "Your Right to Participate in the Lawsuit" section of the notice should be rejected because Defendant is attempting to infringe upon the attorney-client relationship.  The specific terms and conditions of the attorney-client relationship is included in a retainer and will be fully discussed between the client and attorney.

Dated: January 19, 2007                    s/Rachhana T. Srey ____
                                           Donald H. Nichols, MN #78918
                                           (admitted pro hac vice)
                                           Paul J. Lukas, MN #22084X
                                           (admitted pro hac vice)
                                           Rachhana T. Srey, MN #340133
                                           (admitted pro hac vice)
                                           NICHOLS KASTER & ANDERSON, PLLP
                                           4600 IDS Center, 80 South Eighth Street
                                           Minneapolis, Minnesota 55402
                                           Telephone: (612) 256-3200
                                           Fascimile: (612) 215-6870
                                           srey@nka.com

                                           Matthew Fenton (Fla. Bar No. 0002089)
                                           WENZEL & FENTON, P.A.
                                           633 N. Franklin Street, Suite 500
                                           Tampa, Florida 33602
                                           Telephone (813) 224-0431
                                           Fax (813) 229-8712
                                           mfenton@wenzelfenton.com

                                           ATTORNEYS FOR PLAINITFFS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 19, 2007, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the

following:

Colleen M. Flynn, ColleenF@jpfirm.com; Benjamin James Mollo, bmollo@pmtgf.com, ibrody@pmtgf.com, vcarver@pmtgf.com

s/Rachhana T. Srey
Rachhana T. Srey